Michael D. Flynn, Jr., Esq.
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

FILED
DISTRICT COURT OF GUAM
JUN 26 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br>Plaintiff, <br><br>vs. <br><br>JOHN D. QUERRY, AMBYTH SHIPPING AND TRADING, INC., DBA AMBYTH TRUCKING, and PACIFIC INDEMNITY INSURANCE COMPANY, <br><br>Defendants. | CIVIL CASE NO. 06-00017 <br><br>COMPLAINT FOR REIMBURSEMENT |

Plaintiff **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**, through counsel, MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Michael D. Flynn, Jr., Esq., hereby alleges as follows:

1. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is an insurance company, domiciled in Pennsylvania, with its principal place of business in New York, and is licensed to do business in Guam.

1

**ORIGINAL**

2. Defendant JOHN D. QUERRY ("QUERRY") is an adult citizen and domiciliary of Guam and presently resides on Guam.

3. Defendant AMBYTH SHIPPING AND TRADING, INC., DBA AMBYTH TRUCKING ("AMBYTH") is a corporation, organized pursuant to the laws of Guam, domiciled in Guam, with its principal place of business in Guam, and which, at all times relevant to this complaint, transacted business within Guam.

4. Defendant PACIFIC INDEMNITY INSURANCE COMPANY ("PACIFIC INDEMNITY") is an insurance company, domiciled in Guam, with its principal place of business in Guam, doing business in Guam.

## JURISDICTION

5. This court has personal jurisdiction over Plaintiff.

6. This court has personal jurisdiction over Defendants QUERRY, AMBYTH, and PACIFIC INDEMNITY.

7. This court has subject matter jurisdiction of Plaintiff's claims, on the basis of diversity, pursuant to 28 U.S.C. §1332, saving to Plaintiff all other remedies to which it is otherwise entitled.

8. An amount of at least $257,420.70 to date, is claimed by Plaintiff and is, therefore, at issue.

## FACTS

9. Defendant AMBYTH, at all times relevant in this Complaint, was engaged in the business of providing cargo handling and trucking services on the island of Guam.

10. Defendant QUERRY, at all times relevant in this Complaint, was an employee of Defendant AMBYTH, hired and employed to drive trucks for Defendant AMBYTH.

11. On or about September 29, 2004, Defendant AMBYTH and Mobil Oil Guam, Inc. ("MOBIL"), a Guam corporation, entered into a Transportation Services Agreement, covering bulk fuel hauling, which Transportation Services Agreement was made effective on October 1, 2004 and extended to March 31, 2005. A true and correct copy of the Transportation Services Agreement is attached hereto, as Exhibit 1, and incorporated by reference herein.

12. Under the Transportation Services Agreement, Exhibit A, Scope of Works, Section 1, Defendant AMBYTH, as an independent contractor, agrees to provide MOBIL with manpower services, while using designated MOBIL-owned bulk fuel tanker trucks, to transport and deliver MOBIL bulk fuel products, on behalf of MOBIL, to and from certain MOBIL designated locations on Guam.

13. Under the Transportation Services Agreement, Exhibit A, Scope of Works, Section 3, Article 3.4, Defendant AMBYTH agrees to be solely responsible to ensure all vehicles used in providing bulk fuel transportation services for MOBIL are safe and meet all legal requirements.

14. Under the Transportation Services Agreement, Exhibit A, Scope of Works, Attachment 10, Alcohol and Drug Use Policy, Defendant AMBYTH is obligated to ensure that Defendant QUERRY does not perform any services for MOBIL, including, but not limited to, driving MOBIL trucks and transporting MOBIL bulk fuel products, while he is under the influence of a controlled substance.

15. Under Articles 3.3 and 13.3 of the Transportation Services Agreement, Defendant AMBYTH agrees to indemnify, defend and hold MOBIL harmless from

claims and demands asserted against MOBIL by any third party for personal injury or loss of, or damage to, property resulting from Defendant AMBYTH's or Defendant QUERRY's negligence, gross negligence, willful misconduct or breach of statute.

16. On or about February 10, 2005, Defendant QUERRY was operating a 1994 GMC bulk fuel tanker truck, with VIN # 4V2SCBJF7RR513704 (the "Tanker Truck"), which Tanker Truck Defendant AMBYTH and Defendant QUERRY were using to transport approximately 5,000 gallons of diesel fuel and 1,000 gallons of gasoline to and from certain MOBIL designated locations on Guam.

17. While operating the Tanker Truck, Defendant QUERRY was acting within the course and scope of his employment with Defendant AMBYTH. More particularly, Defendant QUERRY was under instructions from Defendant AMBYTH to transport and deliver MOBIL bulk fuel products, in accordance with the Transportation Services Agreement.

18. At approximately 11:10 p.m., while operating the Tanker Truck on Route 2, San Dionisio Drive, Umatac, Defendant QUERRY caused the Tanker Truck to collide with a utility pole, overturn, damage various property, and spill 6,000 gallons of fuel, which fuel then burst into flame, damaged property, and caused bodily injury (the "Tanker Truck Accident"). A true and correct copy of the Guam Police Department Traffic Accident Report concerning the Tanker Truck Accident is attached hereto, as Exhibit 2, and incorporated by reference herein.

19. At all relevant times herein, Defendant QUERRY failed to use due care in the operation of the Tanker Truck, and otherwise failed to operate the Tanker Truck in a careful and prudent manner. Defendant QUERRY failed to properly apply and use the Tanker Truck's gears and brakes. Defendant QUERRY was driving recklessly and driving under the influence of a controlled substance, i.e., an amphetamine-based

4

substance. A true and correct copy of the curriculum vitae and expert report of David R. Axup, who opines gross driver error on the part of Defendant QUERRY, is attached hereto, as Exhibit 3, and incorporated by reference herein.

20. In operating the Tanker Truck in the above-described manner, Defendant QUERRY violated 16 GCA § 18102(a), 16 GCA § 9107(a), and other laws of Guam. A true and correct copy of the criminal complaint filed in the Superior Court of Guam, and presently being pursued, against Defendant QUERRY is attached hereto, as Exhibit 4, and incorporated by reference herein.

21. Defendant QUERRY's actions, including, but not limited to, his negligence, his gross negligence, his willful conduct, and his breach of Guam statutes, were the direct and proximate cause of bodily injury and property damage to various third party claimants who made claims for damages against MOBIL and Plaintiff National Union.

22. Under the Transportation Services Agreement and the doctrine of *Respondeat Superior*, Defendant AMBYTH is jointly and severally liable with Defendant QUERRY for any and all bodily injury and property damage, and damages claims, resulting from Defendant QUERRY's actions in connection with the Tanker Truck Accident.

23. Under Article 14.1 of the Transportation Services Agreement, Defendant AMBYTH agrees to carry and maintain automobile liability insurance covering owned, non-owned and rented automotive equipment used in transporting MOBIL bulk fuel products, with policy limits of $1,000,000 coverage for injury or property damage resulting from each accident.

24. Under Article 14.1 of the Transportation Services Agreement, Defendant AMBYTH further agrees that MOBIL shall be covered as an additional insured under

said automobile liability insurance and that said insurance, for the Tanker Truck, shall be primary as to all other automobile liability insurance which may provide MOBIL with coverage.

25. By reason of Defendant AMBYTH's requirement to obtain primary insurance, for MOBIL, under Article 14.1 of the Transportation Services Agreement, Plaintiff National Union, as an agreed upon secondary insurer, was, and is, a third party beneficiary of the Transportation Services Agreement.

26. Defendant PACIFIC INDEMNITY issued Defendant AMBYTH Commercial Auto Insurance Policy Number LBA11100644, covering the Tanker Truck Accident and providing automobile liability insurance coverage for Defendant AMBYTH (the "Pacific Indemnity Policy"). A true and correct copy of the Pacific Indemnity Policy is attached hereto, as Exhibit 5, and incorporated by reference herein.

27. The Pacific Indemnity Policy, while covering MOBIL as an additional insured, does not provide primary insurance coverage to MOBIL as to all other automobile liability insurance that MOBIL has on the Tanker Truck.

28. Plaintiff National Union issued MOBIL Foreign Automobile Policy Number 85-703110, covering the Tanker Truck for accidents during the period January 1, 2005 to January 1, 2006 (the "National Union Policy"), providing automobile liability insurance coverage to MOBIL and, under paragraph 17, Conditions, of the National Union Policy, subrogating National Union to all of MOBIL's rights of recovery to the extent of any payment made under the National Union Policy. A true and correct copy of the National Union Policy is attached hereto, as Exhibit 6, and incorporated by reference herein.

29. Defendant AMBYTH materially breached the Transportation Services Agreement in at least the following respects:

    a) Defendant AMBYTH failed to adhere to, and ensure that Defendant QUERRY adhered to, the provisions of the Alcohol and Drug Use Policy;

    b) Defendant AMBYTH failed to ensure that Defendant QUERRY did not operate the Tanker Truck while he was under the influence of a controlled substance;

    c) Defendant AMBYTH failed to obtain and maintain automobile liability insurance for the Tanker Truck with primary coverage, as to all other insurance which may provide coverage, with respect to MOBIL.

30. Defendant AMBYTH and Defendant QUERRY were, and are, jointly and severally liable for all damages, demands or claims arising from the Tanker Truck Accident.

31. Pursuant to the terms of the Transportation Services Agreement and 18 GCA § 30101 et seq., Defendant AMBYTH is liable in indemnity for any and all claims of damages brought against MOBIL by third party claimants in connection with the Tanker Truck Accident.

32. With respect to loss resulting from MOBIL liability for the Tanker Truck Accident, Plaintiff National Union and Defendant PACIFIC INDEMNITY agreed that Plaintiff National Union would pay for two-thirds (2/3) of MOBIL caused loss and Defendant PACIFIC INDEMNITY would pay for one third (1/3) of MOBIL caused loss. Defendant PACIFIC INDEMNITY refused to pay for any loss attributed to Defendant AMBYTH's liability for the Tanker Truck Accident. A true and correct copy of the

correspondence between National Union and Defendant PACIFIC INDEMNITY concerning allocation of loss for MOBIL liability, if any, and Defendant PACIFIC INDEMNITY's refusal to pay for loss attributed to Defendant AMBYTH's liability, is attached hereto, as Exhibit 7, and incorporated by reference herein.

33. Plaintiff National Union has negotiated reasonable settlements, discharging the liability of all joint tortfeasors, with respect to almost every claim made by third party claimants, in connection with the Tanker Truck Accident. A true and correct copy of the signed Release of All Claims are attached hereto, as Exhibit 8, and incorporated by reference herein.

34. MOBIL was, and is, not liable for any claims, demands or damages in connection with the Tanker Truck Accident.

35. MOBIL was entitled to damages for those claims made against MOBIL and Plaintiff National Union, by third party claimants, in connection with the Tanker Truck Accident.

36. To date, on behalf of MOBIL, Plaintiff National Union has paid out $240,172.41 to, or on behalf of, third party claimants, in connection with the Tanker Truck Accident, for which payments Plaintiff National Union has not received, but is entitled to, reimbursement from Defendant QUERRY, Defendant AMBYTH, and Defendant PACIFIC INDEMNITY.

37. Plaintiff National Union is entitled to damages for expenses incurred, and all payments made, as a result of the Tanker Truck Accident.

38. To date, Plaintiff National Union has incurred $17,248.29 in expenses, in connection with the Tanker Truck Accident, for which expenses Plaintiff National Union has not received, but is entitled to, reimbursement from Defendant QUERRY, Defendant AMBYTH, and Defendant PACIFIC INDEMNITY.

## CLAIMS FOR RELIEF

### CLAIM 1: EQUITABLE SUBROGATION

39. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

40. By reason of Plaintiff National Union's payments made to, or on behalf of, third party claimants for property damage and bodily injury resulting from the Tanker Truck Accident, Plaintiff National Union is equitably subrogated to the rights of MOBIL up to the amounts paid on behalf of MOBIL and Plaintiff National Union is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amounts.

### CLAIM 2: CONTRACTUAL SUBROGATION

41. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

42. By reason of paragraph 17, Conditions, of the National Union Policy, Plaintiff National Union is contractually subrogated to the rights of MOBIL up to the amounts paid on behalf of MOBIL and Plaintiff National Union is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amounts.

### CLAIM 3: SUBROGATION TO MOBIL'S RIGHT OF CONTRIBUTION

43. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

44. Pursuant to 7 G.C.A. § 24602(e), a liability insurer, who by payment discharged in full its obligation as an insurer, is subrogated to a tortfeasor's right of

contribution to the extent of the amount it has paid in excess of the tortfeasor's percentage share of the common liability. This provision does not limit or impair any right of subrogation arising from any other relationship.

45. There is a right of contribution among joint tortfeasors, pursuant to 7 G.C.A. § 24602; and, National Union is entitled to recover from Defendant AMBYTH and Defendant QUERRY that portion of joint liability in excess of MOBIL's percentage share of the entire liability, in connection with the Tanker Truck Accident.

## CLAIM 4: FUTURE CLAIMS SUBROGATION

46. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

47. By reason of the National Union Policy, Plaintiff Nation Union has a continuing obligation to address and make payments in connection with additional third party claims, which claims are presently being addressed but have not yet been resolved, in connection with the Tanker Truck Accident. By reason of such payments, by reason of paragraph 17, Conditions, of the National Union Policy, and by reason of 7 G.C.A. § 24602(e), Plaintiff National Union is subrogated to the rights of MOBIL up to the amounts to be paid on behalf of MOBIL and Plaintiff National Union is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amounts.

## CLAIM 5: SUBROGATION FOR EXPENSES

48. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

49. To date, Plaintiff National Union has incurred expenses of at least $17,248.29 as a result of addressing third party claims, made against the National

10

Case 1:06-cv-00017   Document 1   Filed 06/26/2006   Page 10 of 13

Union Policy and arising from the Tanker Truck Accident. By reason of such expenses incurred, by reason of paragraph 17, Conditions, of the National Union Policy, and by reason of 7 G.C.A. § 24602(e), Plaintiff National Union is subrogated to the rights of MOBIL up to the amount of expenses incurred on behalf of MOBIL and Plaintiff National Union is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amount.

## CLAIM 6: SUBROGATION FOR FUTURE EXPENSES

50. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

51. Plaintiff National Union will incur additional expenses, as a result of addressing the third party claims made against the National Union Policy in connection with the Tanker Truck Accident. By reason of such expenses, by reason of paragraph 17, Conditions, of the National Union Policy, and by reason of 7 G.C.A. § 24602(e), Plaintiff National Union is subrogated to the rights of MOBIL up to the amount of the expenses to be incurred on behalf of MOBIL and Plaintiff National Union is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amount.

## CLAIM 7: THIRD PARTY BENEFICIARY CLAIM AGAINST AMBYTH

52. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

53. Defendant AMBYTH breached its obligation to Plaintiff National Union, as a third party beneficiary under the Transportation Services Agreement, by failing to cover MOBIL, on the Tanker Truck, with insurance that was primary as to the National Union Policy.

54. As a direct and proximate result of Defendant AMBYTH's breach of its third party beneficiary duties to Plaintiff National Union, Plaintiff National Union suffered, and will continue to suffer, injury and damages from payments made to third party claimants and from costs and expenses in addressing the third party claims arising from the Tanker Truck Accident.

55. Plaintiff National Union is entitled to receive damages from Defendant AMBYTH for payments made by Plaintiff National Union to third party claimants and for costs and expenses incurred in addressing the third party claims arising from the Tanker Truck Accident.

## CLAIM 8: DIRECT ACTION AGAINST PACIFIC INDEMNITY

56. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

57. Defendant PACIFIC INDEMNITY is contractually and legally bound to indemnify Defendant AMBYTH, Defendant QUERRY under the Pacific Indemnity Policy.

58. Pursuant to the provisions of the Transportation Services Agreement, coverage contained in the Pacific Indemnity Policy, and 22 GCA § 18305 (i.e., the Guam direct action statute), payments made to third party claimants and the subrogation provisions of the National Union Policy, Plaintiff National Union is entitled to maintain a direct action against Defendant PACIFIC INDEMNITY upon the terms and limits of the Pacific Indemnity Policy and, accordingly, Plaintiff National Union is entitled to recover against Defendant PACIFIC INDEMNITY in an amount equal to any judgment recovered against Defendant QUERRY or Defendant AMBYTH up to the Pacific Indemnity Policy limits.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff National Union requests:

A.    Issuance of a Judgment, jointly and severally, against Defendants AMBYTH, QUERRY, and PACIFIC INDEMNITY, as follows:

1. Damages of $257,420.70, to date;
2. Additional damages, in an amount that is yet to be ascertained;
3. Costs of suit;
4. Pre-judgment and post-judgment interest; and,
5. Such other and further relief as is deemed lawful, just, or equitable under the circumstances.

Dated this 26th day of June, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Plaintiff
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

BY: _____
MICHAEL D. FLYNN, JR., ESQ.