Michael D. Flynn, Jr., Esq.
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.



FILED
DISTRICT COURT OF GUAM
JUL 18 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN D. QUERRY, AMBYTH SHIPPING AND TRADING, INC., DBA AMBYTH TRUCKING, and PACIFIC INDEMNITY INSURANCE COMPANY, <br><br> Defendants. / | CIVIL CASE NO. 06-00017 <br><br> PLAINTIFF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S OPPOSITION TO DEFENDANT PACIFIC INDEMNITY INSURANCE COMPANY'S EX-PARTE MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINT |

**PACIFIC INDEMNITY INSURANCE COMPANY PRESENTS NO COMPELLING REASON FOR AN EXTENSION TO BE GRANTED AND, THEREFORE, PACIFIC INDEMNITY INSURANCE COMPANY'S MOTION SHOULD BE DENIED.**

Defendant PACIFIC INDEMNITY INSURANCE COMPANY's ("PIIC") basis for its motion is that Defendant PIIC needs additional time to confer with Defendant AMBYTH TRUCKING's ("AMBYTH") counsel regarding coverage and representational issues raised by the Complaint. A motion to extend a defendant's time to file an

1

answer should be granted only upon the clearest showing of compelling necessity for such relief. *Ideal Pictures Inc. v. Films Inc.*, 190 F.Supp. 433, 4 Fed.R.Serv.2d 75 (N.D. Ohio 1963). PIIC has not offered the Court a compelling necessity that would justify an extension for filing PIIC's Answer.[1]

Six (6) months ago, counsel for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("NATIONAL UNION") provided PIIC's counsel with a draft of NATIONAL UNION's Complaint For Reimbursement, which Complaint stemmed from PIIC's failure to reimburse NATIONAL UNION for claims paid and expenses incurred in a Umatac tanker truck accident (the "Accident"). See, letter dated January 11, 2006, from Michael D. Flynn, Jr. to G. Patrick Civille, attached as Exhibit "A" to the Declaration of Michael D. Flynn, Jr. For five (5) months prior to filing this lawsuit, NATIONAL UNION attempted to persuade counsel for PIIC to negotiate settlement of this dispute, out of Court. Counsel for PIIC or PIIC did not, or would not, respond or engage in settlement discussion until counsel for NATIONAL UNION, over a period of five (5) months of constant messages and communications to counsel for PIIC, was finally able to obtain an entirely unreasonable settlement proposal from PIIC's counsel. NATIONAL UNION then filed its Complaint against the defendants, including PIIC.

PIIC was on notice as early as May 2005 (i.e., more than one year ago) that NATIONAL UNION intended to seek reimbursement, whether by settlement or litigation, concerning this dispute. See, Exhibit 7 to NATIONAL UNION's Complaint. Further, in Superior Court of Guam, Civil Case No. CV 1200-05, AMBYTH initiated a third party complaint, on December 22, 2005, alleging causes of action in bad faith against PIIC concerning similar, if not the very same, coverage issues, arising out of

---

[1] PIIC offers the Court no legal authority in support of its unusual motion and, therefore, on that basis

the Accident, which supposed coverage issues PIIC now claims it must now "suddenly" discuss with AMBYTH's counsel. <u>See</u>, Amended Third-Party Complaint attached as Exhibit "B" to the Declaration of Michael D. Flynn, Jr. If not possessing more than one (1) year's time to confer with Defendant AMBYTH's counsel, concerning coverage and representational issues, PIIC has certainly had at least five (5) months to consider and discuss these issues with AMBYTH's counsel.

PIIC has no need for an extension or need for additional time to discuss this lawsuit with AMBYTH's counsel. Counsel for PIIC and AMBYTH's counsel discussed NATIONAL UNION's Complaint on July 17, 2006 and discussed NATIONAL UNION's lawsuit before counsel for AMBYTH left island. Further, counsel for AMBYTH and counsel for PIIC have been engaged in discussion and litigation concerning coverage under AMBYTH's PIIC insurance policy since at least December 22, 2005, when AMBYTH filed its third-party complaint against PIIC.

PIIC's claim that it is presently considering whether counsel for PIIC can represent AMBYTH is entirely disingenuous. Once AMBYTH filed its third-party complaint against PIIC, on December 22, 2005, counsel for PIIC immediately knew (and continues to know, now) that he could not (and cannot) represent both PIIC and AMBYTH in NATIONAL UNION's similarly-related lawsuit, arising out of the Accident.[2]

With respect to counsel for PIIC's request that, although no appearance for JOHN QUERRY ("QUERRY") has been made, the Court should grant QUERRY an extension, PIIC, again, provides no legal support for its request. Nor has PIIC shown, on behalf of Defendant QUERRY, a compelling necessity for extending the time period for filing QUERRY's Answer.

---

alone, PIIC's motion should be summarily denied.
[2] <u>See</u> Guam Rules of Professional Conduct for Lawyers, Rules 1.7(a).

3

Counsel for PIIC has represented Defendant QUERRY in criminal proceedings in Superior Court of Guam, Criminal Case No. CM 0352-05, arising out of the Accident. It may be supposed that counsel for PIIC is presently representing PIIC under a cloud of conflicting interest which conflict may need exploration by this Court.[3] In any event, only Defendant QUERRY or his counsel, not counsel for PIIC, should be allowed to apply to the Court for an extension to file QUERRY's Answer.

## CONCLUSION

Based on the foregoing, NATIONAL UNION respectfully requests that the Court deny PIIC's motion for an extension to file its Answer. PIIC offers the Court no compelling necessity for extending the time period for filing its Answer. If necessary, but only in compliance with the Federal Rules of Civil Procedure, PIIC may determine to choose, at some later time, to move the Court to permit an amendment to its Answer. At present, however, PIIC should be made to file its Answer timely, i.e., on July 19, 2006.

Respectfully submitted this 18th day of July, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Plaintiff
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

BY: _____
MICHAEL D. FLYNN, JR., ESQ.

---

[3] See Guam Rules of Professional Conduct for Lawyers, Rules 1.6, 1.7, and 1.9(a) and (b).