Michael D. Flynn, Jr., Esq.
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

**FILED**
DISTRICT COURT OF GUAM
JUL 18 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | CIVIL CASE NO. 06-00017 |
| Plaintiff, | |
| vs. | DECLARATION OF MICHAEL D. FLYNN, JR. |
| JOHN D. QUERRY, AMBYTH SHIPPING AND TRADING, INC., DBA AMBYTH TRUCKING, and PACIFIC INDEMNITY INSURANCE COMPANY, | |
| Defendants.                    / | |

I, MICHAEL D. FLYNN, JR., hereby declare as follows:

1.     I am a partner in the law firm of MAHER · YANZA · FLYNN · TIMBLIN, LLP.

2.     I am counsel of record for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("NATIONAL UNION") in the above-entitled action.

1

3.   Attached hereto, marked Exhibit "A" is a true and correct copy of the letter, with the draft Complaint attached, dated January 11, 2006, from Michael D. Flynn, Jr. to G. Patrick Civille.

4.   Attached hereto, marked Exhibit "B" is a true and correct copy of the Amended Third-Party Complaint filed in the Superior Court of Guam, in the case entitled *South Pacific Environmental (Guam), LLC, Plaintiff, v. Ambyth Shipping & Trading, Inc., Defendant, and Ambyth Shipping & Trading, Inc., Third-Party Plaintiff, v. Pacific Indemnity Insurance Company, Third-Party Defendant*, Civil Action No. 1200-05.

5.   For five (5) months prior to filing this lawsuit, NATIONAL UNION attempted to persuade counsel for PIIC to negotiate settlement of this dispute, out of Court.

6.   Counsel for PIIC or PIIC did not, or would not, respond or engage in settlement discussion until counsel for NATIONAL UNION, over a period of five (5) months of constant messages and communications to counsel for PIIC, was finally able to obtain an entirely unreasonable settlement proposal from PIIC's counsel.

I declare under the penalty of perjury under the laws of the United States of America and Guam that the foregoing is true and correct.

Executed at Hagatna, Guam, this 18th day of July, 2006.

**MICHAEL D. FLYNN, JR.**

2

# MAHER · YANZA · FLYNN · TIMBLIN, LLP

John B. Maher
Louie J. Yanza

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Michael D. Flynn, Jr.
Terence E. Timblin

January 11, 2006

**VIA FACSIMILE – 477-2511**

G. Patrick Civille, Esq.
**CIVILLE & TANG, PLLC**
Suite 200, 330 Hernan Cortez Avenue
Hagatña, Guam 96910

RE:     NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. v. JOHN D. QUERRY, AMBYTH SHIPPING AND TRADING, INC. DBA AMBYTH TRUCKING, PACIFIC INDEMNITY INSURANCE COMPANY, JOHN DOES 1-5, AND ROE ENTITIES 1-5

Dear Pat:

I was expecting a call from you, but I understand that you have been in the hospital. I hope you are better.

Please see the attached draft Complaint. As I mentioned to you previously, my client, National Union, prefers to avoid litigation in this matter, if possible. Please contact me by the end of this week if your client is willing to resolve this matter outside of litigation.

Very truly yours,

**MAHER · YANZA · FLYNN · TIMBLIN, LLP**

Michael D. Flynn, Jr.

Attachment – Complaint (draft)

cc:     Ms. Anita F.B. Fisher
         Richard L. Johnson, Esq.

**Exhibit**

A

1  Michael D. Flynn, Jr., Esq.
2  **MAHER · YANZA · FLYNN · TIMBLIN, LLP**
   115 Hesler Place, Ground Floor
3  Governor Joseph Flores Building
   Hagåtña, Guam 96910
4  Telephone No.: (671) 477-7059
   Facsimile No.: (671) 472-5487
5
   Attorneys for Plaintiff
6  NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

7
8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF GUAM

10
   NATIONAL UNION FIRE INSURANCE          CIVIL CASE NO. _____
11  COMPANY OF PITTSBURGH, PA.

12            Plaintiff,                   COMPLAINT

13

14       vs.

15
   JOHN D. QUERRY, AMBYTH
16  SHIPPING AND TRADING, INC., DBA
   AMBYTH TRUCKING, PACIFIC
17  INDEMNITY INSURANCE COMPANY,
   JOHN DOES 1-5, AND ROE ENTITIES
18  1-5,

19            Defendants.            /
   _____
20

21       Plaintiff **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**

22  **PA.**, through counsel, MAHER · YANZA · FLYNN · TIMBLIN, LLP, by Michael D.

23  Flynn, Jr., Esq., hereby alleges as follows:

24

25

                              1

1.     1.     Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is an insurance company, domiciled in Pennsylvania, with its principal place of business in New York, and is licensed to do business in Guam.

2.     Defendant JOHN D. QUERRY ("QUERRY") is an adult citizen and domiciliary of Guam and presently resides on Guam.

3.     Defendant AMBYTH SHIPPING AND TRADING, INC., DBA AMBYTH TRUCKING ("AMBYTH") is a corporation, organized pursuant to the laws of Guam, which at all times relevant to this complaint transacted business within Guam.

4.     Defendant PACIFIC INDEMNITY INSURANCE COMPANY ("PACIFIC INDEMNITY") is an insurance company, domiciled in Guam, with its principal place of business in Guam, doing business in Guam.

5.     Defendants JOHN DOES 1-5 and ROE ENTITIES 1-5 are sued herein under fictitious names for the reason that their true names, identities, and capacities are presently unknown to Plaintiff.

## JURISDICTION

6.     This court has personal jurisdiction over Plaintiff.

7.     This court has personal jurisdiction over Defendants QUERRY, AMBYTH, and PACIFIC INDEMNITY.

8.     This court has subject matter jurisdiction of Plaintiff's claims, on the basis of diversity, pursuant to 28 U.S.C. §1332, saving to Plaintiff all other remedies to which it is otherwise entitled.

9.     An amount of at least $270,949.76, to date, is claimed by Plaintiff and is, therefore, at issue.

# FACTS

10.     Defendant AMBYTH, at all times relevant in this Complaint, was engaged in the business of providing cargo handling and trucking services on the island of Guam.

11.     Defendant QUERRY, at all times relevant in this Complaint, was an employee of Defendant AMBYTH, hired and employed to drive trucks for Defendant AMBYTH.

12.     On or about September 29, 2004, Defendant AMBYTH and Mobil Oil Guam, Inc. ("MOBIL"), a Guam corporation, entered into a Transportation Services Agreement, covering bulk fuel hauling, which Transportation Services Agreement was made effective on October 1, 2004 and extended to March 31, 2005.

13.     Under the Transportation Services Agreement, Exhibit A, Scope of Works, Section 1, Defendant AMBYTH, as an independent contractor, agrees to provide MOBIL with manpower services, while using designated MOBIL-owned bulk fuel tanker trucks, to transport and deliver MOBIL bulk fuel products, on behalf of MOBIL, to and from certain MOBIL designated locations on Guam.

14.     Under the Transportation Services Agreement, Exhibit A, Scope of Works, Section 3, Article 3.4, Defendant AMBYTH agrees to be solely responsible to ensure all vehicles used in providing bulk fuel transportation services for MOBIL are safe and meet all legal requirements.

15.     Under the Transportation Services Agreement, Exhibit A, Scope of Works, Attachment 10, Alcohol and Drug Use Policy, Defendant AMBYTH is obligated to ensure that Defendant QUERRY does not perform any services for MOBIL, including, but not limited to, driving MOBIL trucks and transporting MOBIL bulk fuel products, while he is under the influence of a controlled substance.

16. Under Articles 3.3 and 13.3 of the Transportation Services Agreement, Defendant AMBYTH agrees to indemnify, defend and hold MOBIL harmless from claims and demands asserted against MOBIL by any third party for personal injury or loss of, or damage to, property resulting from Defendant AMBYTH's or Defendant QUERRY's negligence, gross negligence, willful misconduct or breach of statute.

17. On or about February 10, 2005, Defendant QUERRY was operating a 1994 GMC bulk fuel tanker truck, with VIN # 4V2SCBJF7RR513704 (the "Tanker Truck"), which Tanker Truck Defendant AMBYTH and Defendant QUERRY were using to transport approximately 5,000 gallons of diesel fuel and 1,000 gallons of gasoline to and from certain MOBIL designated locations on Guam.

18. While operating the Tanker Truck, Defendant QUERRY was acting within the course and scope of his employment with Defendant AMBYTH. More particularly, Defendant QUERRY was under instructions to transport and deliver MOBIL bulk fuel products, in accordance with the Transportation Services Agreement.

19. At approximately 11:10 p.m., while operating the Tanker Truck on Route 2, San Dionisio Drive, Umatac, Defendant QUERRY caused the Tanker Truck to collide with a utility pole, overturn, damage various property, and spill 6,000 gallons of fuel, which fuel then burst into flame, damaged property, and caused bodily injury (the "Tanker Truck Accident").

20. At all relevant times herein, Defendant QUERRY failed to use due care in the operation of the Tanker Truck, and otherwise failed to operate the Tanker Truck in a careful and prudent manner. Defendant QUERRY failed to properly apply and use the Tanker Truck's gears and brakes. Defendant QUERRY was driving recklessly and driving under the influence of a controlled substance, i.e., an amphetamine-based substance.

21. In operating the Tanker Truck in the above-described manner, Defendant QUERRY violated 16 GCA § 18102(a), 16 GCA § 9107(a), and other laws of Guam.

22. Defendant QUERRY's actions, including, but not limited to, his negligence, his gross negligence, his willful conduct, and his breach of Guam statutes, were the direct and proximate cause of bodily injury and property damage to various third party claimants who made claims for damages against MOBIL and Plaintiff National Union.

23. Under the Transportation Services Agreement and the doctrine of *Respondeat Superior*, Defendant AMBYTH is jointly and severally liable with Defendant QUERRY for any and all bodily injury and property damage, and damages claims, resulting from Defendant QUERRY's actions in connection with the Tanker Truck Accident.

24. Under Article 14.1 of the Transportation Services Agreement, Defendant AMBYTH agrees to carry and maintain automobile liability insurance covering owned, non-owned and rented automotive equipment used in transporting MOBIL bulk fuel products, with policy limits of $1,000,000 coverage for injury or property damage resulting from each accident.

25. Under Article 14.1 of the Transportation Services Agreement, Defendant AMBYTH further agrees that MOBIL shall be covered as an additional insured under said automobile liability insurance and that said insurance shall be primary as to all other insurance which may provide coverage.

26. Defendant PACIFIC INDEMNITY issued Defendant AMBYTH Commercial Auto Insurance Policy Number LBA11100644, covering the Tanker Truck

5

Accident and providing automobile liability insurance coverage for Defendant AMBYTH (the "Pacific Indemnity Policy").

27.    Plaintiff National Union issued MOBIL Foreign Automobile Policy Number 85-703110, covering the Tanker Truck for accidents during the period January 1, 2005 to January 1, 2006 (the "National Union Policy"), providing automobile liability insurance coverage to MOBIL and subrogating National Union to all of MOBIL's rights of recovery to the extent of any payment made under the National Union Policy.

28.    Defendant AMBYTH materially breached the Transportation Services Agreement in at least the following respects:

      a) Defendant AMBYTH failed to adhere to, and ensure that Defendant QUERRY adhered to, the provisions of the Alcohol and Drug Use Policy;

      b) Defendant AMBYTH failed to ensure that Defendant QUERRY did not operate the Tanker Truck while he was under the influence of a controlled substance;

      c) Defendant AMBYTH failed to obtain and maintain automobile liability insurance for the Tanker Truck with primary coverage, as to all other insurance which may provide coverage, and with MOBIL as an additional insured.

29.    Pursuant to the terms of the Transportation Services Agreement and 18 GCA § 30101 et seq., Defendant AMBYTH is liable in indemnity for any and all claims of damages brought against MOBIL by third party claimants in connection with the Tanker Truck Accident.

30.   MOBIL is entitled to damages for those claims made against MOBIL and Plaintiff National Union, by third party claimants, in connection with the Tanker Truck Accident.

## CLAIMS FOR RELIEF

## COUNT 1: SUBROGATION

31.   Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

32.   Plaintiff National Union has paid $252,097.27, as of January 10, 2006, to third party claimants as a result of third party claims made against the National Union Policy for proper damage and bodily injury resulting from the Tanker Truck Accident. By reason of such payments and by reason of the National Union Insurance Policy, Plaintiff National Union is subrogated to the rights of MOBIL up to the amounts paid on behalf of MOBIL and Plaintiff National Union is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amounts.

33.   Plaintiff National Union has incurred costs and expenses of at least $18,852.49, as of January 10, 2006, as a result of addressing and adjusting third party claims, made against the National Union Policy and arising from the Tanker Truck Accident. By reason of such costs and by reason of the National Insurance Policy, Plaintiff National Union is subrogated to the rights of MOBIL up to the amount of costs incurred on behalf of MOBIL and is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amount.

34.   By reason of the National Union Policy, Plaintiff Nation Union has a continuing obligation to address and make payments in connection with additional third party claims, which claims are presently being addressed but have not yet been

7

resolved, in connection with the Tanker Truck Accident. By reason of such payments and by reason of the National Union Policy, Plaintiff National Union is subrogated to the rights of MOBIL up to the amounts to be paid on behalf of MOBIL and is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amounts.

35.     Plaintiff National Union will incur additional costs and expenses, as a result of addressing and adjusting the third party claims made against the National Union Policy in connection with the Tanker Truck Accident. By reason of such costs and by reason of the National Insurance Policy, Plaintiff National Union is subrogated to the rights of MOBIL up to the amount of the costs to be incurred on behalf of MOBIL and is entitled to recover against Defendant AMBYTH and Defendant QUERRY, jointly and severally, for said amount.

## COUNT 2: DIRECT ACTION

36.     Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

37.     Pursuant to the provisions of the Transportation Services Agreement, coverage contained in the Pacific Indemnity Policy, 22 GCA § 18305, payments made to third party claimants and the subrogation provisions of the National Union Policy, Plaintiff National Union is entitled to maintain a direct action against Defendant Pacific Indemnity upon the terms and limits of the Pacific Indemnity Policy and, accordingly, Plaintiff National Union is entitled to recover against Defendant Pacific Indemnity in an amount equal to any judgment recovered against Defendant QUERRY or Defendant AMBYTH up to the Pacific Indemnity Policy limits.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff National Union requests:

A.   Issuance of a Judgment, jointly and severally, against Defendants AMBYTH, QUERRY, and PACIFIC INDEMNITY, as follows:

 1.   Damages in an amount to be determined at trial;

 2.   Costs of suit;

 3.   Pre-judgment and post-judgment interest; and,

 4.   Such other and further relief as is deemed lawful, just, or equitable under the circumstances.

Dated this _____ day of January, 2006.

MAHER · YANZA · FLYNN · TIMBLIN, LLP
Attorneys for Plaintiff
NATIONAL   UNION   FIRE   INSURANCE
COMPANY OF PITTSBURGH, PA.

# DRAFT

BY: _____

MICHAEL D. FLYNN, JR., ESQ.

## Confirmation Report — Memory Send

Page       : 001
Date & Time: Jan-11-06  10:27am
Line 1     : +6714725487
Machine ID : Maher-Yanza-Flynn-Timblin,LLP

| | | |
|---|---|---|
| Job number | : | 842 |
| Date | : | Jan-11 10:25am |
| To | : | ☎4772511 |
| Number of pages | : | 011 |
| Start time | : | Jan-11 10:25am |
| End time | : | Jan-11 10:27am |
| Pages sent | : | 011 |
| Status | : | OK |

Job number    : 842          **\*\*\* SEND SUCCESSFUL \*\*\***

---

# MAHER · YANZA · FLYNN · TIMBLIN, LLP

John B. Maher
Louie J. Yanza

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagatna, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: yanlar@lte.net

Michael D. Flynn, Jr.
Terence E. Timblin

## FACSIMILE TRANSMITTAL COVER SHEET

**TO:** G. Patrick Civille, Esq. — 477 2511

**FROM:** Michael D. Flynn, Jr., Esq.          **DATE:** January 11, 2006

**RE:**  Mobil / Ambyth

**MYFT FILE NO.:**          **NO. OF PAGES INCLUDING COVER SHEET:** ()

IMPORTANT NOTE: This fax is CONFIDENTIAL and may be covered by legal professional privilege. It may not be used, copied, disclosed or used by any person other than the above addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful.

**DOCUMENTS/COMMENTS:**

Letter from Michael D. Flynn, Jr., Esq., dated January 11, 2006 with attachment.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL THE ABOVE LISTED NUMBER AND ASK FOR Valerie.

CARLSMITH BALL LLP

DAVID P. LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam  96932-5027
Tel No. 671.472.6813

Attorneys for Defendant/Third-Party Plaintiff
Ambyth Shipping & Trading, Inc.

FILED
SUPE... ...URT

14

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SOUTH PACIFIC ENVIRONMENTAL (GUAM), LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AMBYTH SHIPPING & TRADING, INC.,<br><br>Defendant. | CIVIL CASE NO. CV1200-05<br><br><br>**AMENDED THIRD PARTY COMPLAINT AGAINST PACIFIC INDEMNITY INSURANCE COMPANY; EXHIBIT A** |
| AMBYTH SHIPPING & TRADING, INC.<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>PACIFIC INDEMNITY INSURANCE COMPANY,<br><br>Third-Party Defendant. | |



RECEIVED
MAHER • YANZA • FLYNN • TIMBLIN, LLP
obtained from
Date: 04/11/06 Superior Court Records
Time: 4:54 pm By: SM

Third-Party Plaintiff Ambyth Shipping & Trading, Inc. (Ambyth), for its

Amended Third-Party Complaint against Pacific Indemnity Insurance Company (Pacific

Indemnity), hereby alleges as follows:

        1.     Ambyth brings this Amended Third-Party Complaint pursuant to

Guam Rule of Civil Procedure 14.

2. Jurisdiction over this Amended Third-Party Complaint is proper under 7 G.C.A. § 3105.

3. Ambyth is a corporation authorized to conduct business on Guam.

4. Upon information and belief, Third-Party Defendant Pacific Indemnity is an insurance company authorized to conduct insurance business in Guam with its principal place of business at 348 West O'Brien Drive, Hagåtña, Guam.

5. Plaintiff South Pacific (Guam) LLC (South Pacific) filed a Complaint against Ambyth, a copy of which is attached hereto as Exhibit A.

6. On or about February 11, 2005, a gasoline tank truck crashed and burned at Umatac, Guam. Mobil Oil (Guam) owns the truck.

7. At the time of the crash, Ambyth had a contract with Mobil to provide a driver for the truck.

8. At the time of the crash, Ambyth had an insurance policy with Pacific Indemnity for the purpose of insuring against loss, claims, and expenses arising out of incidents as the tank truck fire.

9. On March 22, and again on March 28, 2005, Pacific Indemnity confirmed insurance coverage for Ambyth under said insurance policy. In particular, but without limitation, Pacific Indemnity promised to defend and indemnify Ambyth against all losses, claims, expenses and similar demands made against Ambyth as a result of, or arising from, the February 11, 2005 tank truck fire.

10. South Pacific's lawsuit against Ambyth alleges such a claim and demand. In particular, the complaint states two counts, one for breach of contract and one for account stated. See Ex. A.

2.

11.     On March 22, and again on March 28, 2005, Pacific Indemnity imposed on Ambyth certain conditions Ambyth had to abide by in order to qualify for the insurance coverage described in Paragraph 9 above.

12.     One such express condition was that Ambyth pay no claims, demands, or requests for payment made by Mobil, or any other party. In particular, on March 28, 2005, Pacific Indemnity instructed Ambyth, in writing, that "that any further requests by Mobil or any other party involved be forwarded to our office for processing."

13.     On April 4, 2005, Ambyth followed Pacific Indemnity's instructions and complied with said condition for insurance coverage by way of forwarding to Pacific Indemnity South Pacific's request for payment.

14.     On April 4, 2004, Pacific Indemnity promised Ambyth that if Pacific Indemnity denied South Pacific's request for payment, thereby causing South Pacific to sue Ambyth, that Pacific Indemnity would defend and indemnify Ambyth against such a lawsuit.

15.     Though Ambyth properly tendered South Pacific's lawsuit to Pacific Indemnity, Pacific Indemnity reneged on its promise to defend and indemnify Ambyth, instead rejecting Ambyth's tender on grounds that "breach of contract is not a covered claim."

16.     Pacific Indemnity wants to have it three ways. First, by imposing a "no-pay" condition on Ambyth, as a condition of insurance coverage, Pacific Indemnity caused Ambyth to reject South Pacific's payment request thereby causing South Pacific to sue Ambyth. Second, though Ambyth timely submitted South Pacific's request to Pacific Indemnity, just as instructed, Pacific Indemnity rejected South Pacific's request for payment. Third, Pacific Indemnity then rejected Ambyth's tender of South Pacific's lawsuit - which Pacific Indemnity

3.

caused to be filed in the first place. In other words, Pacific Indemnity seeks to avoid paying *anyone*, and has reneged on its promise to defend and indemnify Ambyth.

17. On or about December 12, 2005, Pacific Indemnity requested a copy of South Pacific's lawsuit. Counsel for Ambyth provided this on December 13, 2005.

18. On December 15, 2005, Ambyth requested Pacific Indemnity to state whether or not it would provide a defense and indemnity against the lawsuit.

19. On December 19, 2005, Pacific Indemnity stated that it would not defend and indemnify Ambyth against the lawsuit.

20. On December 21, 2005 Ambyth again asked Pacific Indemnity to reconsider its position and provide a defense and indemnity.

21. On December 21, 2005 Pacific Indemnity again rejected Ambyth's tender.

22. Ambyth has paid all insurance premiums due, cooperated fully with Pacific Indemnity, and, without exception, followed all instructions and abided by all conditions imposed to qualify for coverage.

23. Ambyth has settled the Complaint filed by South Pacific in this case, and seeks, in addition to other damages, indemnification by Pacific Indemnity for settlement amounts tendered to South Pacific, specifically, FIFTEEN THOUSAND ONE HUNDRED NINETY AND 15/100 DOLLARS ($15,190.15).

## COUNT ONE - BAD FAITH

24. Ambyth incorporates by reference the allegations stated above in paragraphs 1 to 23.

4.

25.     The actions of Pacific Indemnity as described above were done intentionally and maliciously to harm and discredit Ambyth, and to unlawfully deny Ambyth the insurance coverage it paid for and was promised.

26.     The actions of Pacific Indemnity as described above were done intentionally and maliciously to cast Ambyth in a demeaning false light, such that South Pacific has accused Ambyth of "breaching a contract."

27.     The actions of Pacific Indemnity as described above constitute intentional bad faith misrepresentations designed to mislead Ambyth into believing that Pacific Indemnity would abide by its promises and assurances to pay demands, such as that by South Pacific, and, in the event such demands were rejected, to defend and indemnify Ambyth against such lawsuits as filed by South Pacific.

28.     The actions of Pacific Indemnity as described above constitute bad faith in the handling of a valid claim for insurance coverage.

29.     The actions of Pacific Indemnity described above are the proximate cause of losses and damages sustained by Ambyth, including damage to its reputation, all in amounts to be established at trial.

30.     The actions of Pacific Indemnity as described above are sufficient grounds for imposing punitive damages against Pacific Indemnity.

## COUNT II- INTENTIONAL MISREPRESENTATION

31.     Ambyth incorporates by reference the allegations stated above in paragraphs 1 to 30.

5.

32.     The actions of Pacific Indemnity as described above were done intentionally and maliciously to harm and discredit Ambyth, and to unlawfully deny Ambyth the insurance coverage it paid for and was promised.

33.     The actions of Pacific Indemnity as described above were done intentionally to cast Ambyth in a false light such that South Pacific has accused Ambyth of "breaching a contract."

34.     The actions of Pacific Indemnity as described above constitute intentional misrepresentations to mislead Ambyth into believing that Pacific Indemnity would abide by its promises and assurances to pay demands such as that by South Pacific and, in the event such demands were rejected, to defend and indemnify Ambyth against such lawsuits as filed by South Pacific.

35.     The actions of Pacific Indemnity as described above constitute intentional misrepresentation in the handling of a valid claim for insurance coverage.

36.     The actions of Pacific Indemnity described above are the proximate cause of losses and damages sustained by Ambyth, including damage to its reputation, all in amounts to be established at trial.

37.     The actions of Pacific Indemnity as described above are sufficient grounds for imposing punitive damages against Pacific Indemnity.

## COUNT III- NEGLIGENT MISREPRESENTATION

38.     Ambyth incorporates by reference the allegations stated above in paragraphs 1 to 37.

6.

39.     The actions of Pacific Indemnity, as described above, were done negligently. Such negligence is the proximate cause of harm, losses and damages sustained by Ambyth, as will be established at trial.

40.     Pacific Indemnity's negligence also is the proximate cause of casting Ambyth in a false light such that South Pacific has accused Ambyth of "breaching a contract."

41.     Pacific Indemnity's negligence proximately caused Ambyth to mistakenly believe, to its financial detriment as will be established at trial, that Pacific Indemnity would abide by its promises and assurances to pay demands such as that by South Pacific and, in the event such demands were rejected, to defend and indemnify Ambyth against such lawsuits as filed by South Pacific.

42.     Pacific Indemnity's negligent mis-handling of a valid claim for insurance coverage is the proximate cause of harm, losses and damages sustained by Ambyth, as will be established at trial.

## COUNT IV- BREACH OF CONTRACT

43.     Ambyth incorporates by reference the allegations stated above in paragraphs 1 to 42.

44.     The actions of Pacific Indemnity constitute breach of insurance contracts and other promises regarding insurance coverage and a defense and indemnity for demands such as alleged by South Pacific. Said breach of contracts and broken promises are the proximate cause of the harm, losses and damages sustained by Ambyth, as will be established at trial.

WHEREFORE, Third-Party Plaintiff Ambyth prays:

7.

1. That Third-Party Defendant Pacific Indemnity be summoned to appear and answer in this action;

2. That Pacific Indemnity be required to indemnify Ambyth for the amounts tendered to South Pacific in connection with the settlement of this case, specifically, FIFTEEN THOUSAND ONE HUNDRED NINETY AND 15/100 DOLLARS ($15,190.15);

3. An award of compensatory, actual, consequential, and punitive damages against Pacific Indemnity; and

4. For such further relief the Court deems just.

DATED: Hagåtña, Guam, May 16, 2006.

CARLSMITH BALL LLP

DAVID P. LEDGER
ELYZE J. MCDONALD
Attorneys for Defendant/Third-Party Plaintiff
Ambyth Shipping & Trading, Inc.

8.



COPY

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Plaintiff
South Pacific Environmental (GUAM), LLC

IN THE SUPERIOR COURT OF GUAM

CV 1200-05

| | | |
|---|---|---|
| SOUTH PACIFIC ENVIRONMENTAL (GUAM), LLC, | ) ) ) | CIVIL CASE NO. CV_____ |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| AMBYTH SHIPPING & TRADING, INC., | ) ) | |
| Defendant. | ) ) ) | |

COMES NOW South Pacific Environmental (GUAM), LLC ("South Pacific") and, for its complaint against Ambyth Shipping & Trading, Inc. ("Ambyth"), alleges as follows:

 1. This Court has jurisdiction over this matter pursuant to 7 GCA §3105.

 2. South Pacific is a Guam Limited Liability Company authorized and licensed to conduct business on Guam.

 3. Ambyth is a Guam Corporation authorized and licensed to conduct business on Guam.

### COUNT I

 4. South Pacific realleges and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 3 above.

# EXHIBIT "A"

CALENDARED
ATTN: DAVID
BY : JUNE 12 06 2005
DATE ANSWER DUE 12 22 2005

15.     Although South Pacific has demanded payment, no part of the agreed balance has been paid and there is now due, owing and unpaid from Ambyth to South Pacific the sum of $15,190.15, together with interest according to law.

**WHEREFORE,** South Pacific prays judgment against Ambyth as follows:

1.     For damages in the amount of $15,190.15;

2.     For interest thereon at the rate of 6% per annum from February 15, 2005; and,

3.     For such other and further relief as the Court may deem just and proper.

Dated this *1st* day of December, 2005.

                                   DOOLEY ROBERTS & FOWLER LLP

                    By:    _____
                                   KEVIN J. FOWLER
                                   Attorneys for Plaintiff
                                   South Pacific Environmental (GUAM), LLC

KJF:lml F#S239.02 D#South Pacific-Ambyth - Complaint

3