**FILED**

DISTRICT COURT OF GUAM

JUL 19 2006

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | Civil Case No. 06-00017 |
| Plaintiff, | |
| vs. | **ORDER**<br>Granting Pacific Indemnity's Motion to Extend Time to Respond to Complaint |
| JOHN D. QUERRY, AMBYTH SHIPPING & TRADING, INC. d.b.a. AMBYTH TRUCKING, and PACIFIC INDEMNITY INSURANCE COMPANY, | |
| Defendants. | |

On July 17, 2006, defendant Pacific Indemnity Insurance Company ("Pacific Indemnity") filed an *Ex Parte* Motion to Extend Time to Respond to the Complaint, along with an *Ex Parte* Application to Shorten Time. (Docket Nos. 6 & 7.) On the same date, the Court granted the Application to Shorten Time and directed the Plaintiff to file its response to the motion to extend time no later than July 18, 2006. (Order, Docket No. 9.) The Plaintiff filed a timely opposition. (Docket No. 10.)

Pacific Indemnity claims that presently its answer to the Complaint must be filed no later than July 19, 2006. Pacific Indemnity asserts that the Plaintiff agreed to give defendant Ambyth Trucking an extension of time – until August 11, 2006 – to file an answer to the Complaint, however, the Plaintiff would not agree to a grant a similar extension to Pacific Indemnity. Accordingly, Pacific Indemnity requests an enlargement of time for itself and defendant John Querry

Case 1:06-cv-00017    Document 13    Filed 07/19/2006    Page 1 of 2

1   to each file an answer to the Complaint.   Pacific Indemnity contends that an extension is necessary

2   to enable it to confer with counsel for Ambyth Trucking (who himself has just returned on island

3   following a two-week holiday) regarding coverage and representational issues raised in the

4   Complaint.

5       In opposing Pacific Indemnity's motion, the Plaintiff argues that an extension should not be

6   given since Pacific Indemnity has been aware of the Plaintiff's intention to seek reimbursement for

7   this dispute, whether by settlement or litigation, as early as May 2005.   The Plaintiff further alleges

8   that in January 2006, it provided Pacific Indemnity's counsel with a draft of the complaint herein,

9   yet repeated attempts by the Plaintiff to settle this matter out of court were ignored and/or rejected

10  by Pacific Indemnity.   The Plaintiff asserts that Pacific Indemnity has had ample opportunity to

11  discuss its alleged concerns with counsel for Ambyth Trucking prior to his departure from Guam

12  for vacation, and thus no further extension is necessary.

13      While the Plaintiff urges the Court to apply a stricter standard ("compelling necessity"),

14  pursuant to Federal Rule of Civil Procedure 6(b)(1), the Court has the discretion to enlarge time

15  periods specified under the court rules for "cause shown" and without notice to the opposing party,

16  if the request is made, as here, before expiration of the originally prescribed period.   In this case, the

17  Defendant requests additional time for the purpose of discussing certain issues with counsel for the

18  co-defendant.   The Court finds that Pacific Indemnity has established good cause for its request.

19  Granting Pacific Indemnity a short continuance to prepare a meaningful answer following

20  discussions with counsel for Ambyth Trucking is in the best interest of judicial economy and would

21  not substantially prejudice the Plaintiff.

22      Accordingly, the Court GRANTS the motion to extend time to respond to the Complaint.

23  Defendants Pacific Indemnity and John Querry shall file their answers or otherwise respond to the

24  Complaint no later than August 11, 2006.

25      SO ORDERED this 18th day of July 2006.

26

27

28
                                                    JOAQUIN V.E. MANIBUSAN, JR.
                                                        U.S. Magistrate Judge