CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Ambyth Shipping & Trading, Inc. dba Ambyth Trucking

FILED
DISTRICT COURT OF GUAM
AUG 11 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN D. QUERRY, AMBYTH SHIPPING & TRADING, INC., dba AMBYTH TRUCKING, and PACIFIC INDEMNITY INSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 06-00017 <br><br> **DEFENDANT AMBYTH SHIPPING & TRADING, INC. DBA AMBYTH TRUCKING'S JOINDER IN MOTION TO DISMISS AND ADDITIONAL BRIEFING IN SUPPORT THEREOF; CERTIFICATE OF SERVICE** |

Defendant Ambyth Shipping & Trading, Inc. dba Ambyth Trucking ("Ambyth"), by and through its counsel of record, Carlsmith Ball, LLP, hereby joins in Defendant Pacific Indemnity Insurance Company's ("Pacific Indemnity") Motion to Dismiss.

Furthermore, additional grounds exist to dismiss Claim 7 of the Complaint filed by Plaintiff National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union"). Claim 7 alleges that "Ambyth breached its obligation of Plaintiff National Union, as a third party beneficiary under the Transportation Services Agreement, by failing to cover MOBIL, on the

Tanker Truck, with insurance that was primary as to the National Union Policy." Compl., ¶ 53. National Union therefore pursues Claim 7 on third party beneficiary theory.

According to Guam law, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." 18 Guam Code Ann. § 85204.[1] Third party beneficiary status is a matter of contract interpretation. *California Emergency Physicians Medical Group v. PacifiCare of California,* 4 Cal. Rptr. 3d 583, 595 (Cal. App. 2003). For that reason, the contract must be set out in the pleadings: "A plaintiff must plead a contract which was made expressly for his benefit and one in which it clearly appears that he was a beneficiary." *Id.* Therefore, in order to sue on a third party beneficiary theory, National Union must state facts demonstrating that the TSA was made expressly for National Union's benefit. *Schonfeld v. City of Vallejo,* 123 Cal. Rptr. 669, 682-83 (Cal. App. 1975) (disapproved of on other grounds by *Morehart v. County of Santa Barbara,* 29 Cal. Rptr. 2d 804 (Cal. 1994)). "The test in deciding whether a contract inures to the benefit of a third person is whether an intent to so benefit the third person appears from the term of the agreement." *Id.* at 682.

National Union does not allege any facts demonstrating it has standing to sue as a third party beneficiary. The TSA itself, which National Union attaches to the Complaint, does not demonstrate any intent to benefit National Union or any insurer of Mobil. Per the terms of the TSA, the primary purpose of the TSA is for Ambyth to provide Mobil with drivers to transport Mobil fuel products. An intent to make any obligation inure to the benefit of National Union is not clearly manifested by Ambyth or Mobil, or alleged by National Union.

---

[1] Section 85204 is derived from California Civil Code § 1559. California law interpreting section 1559 is therefore persuasive to this analysis.

Even assuming that the TSA intends to expressly benefit Mobil's insurer, the TSA does intend to benefit National Union specifically. Rather, construing the TSA in a light favorable to National Union, Ambyth merely agrees to secure an insurance policy primary to other policies, but does not agree that National Union was to be an express third party beneficiary.

Ambyth also did not intend to benefit National Union specifically because it was not privy to the agreement between National Union and Mobil, and Mobil could have selected any insurer besides National Union. While the TSA became effective on October 1, 2004, the National Union policy in question became effective on January 1, 2005. Mobil could have selected any other insurer besides National Union for the policy period, a decision which Ambyth had no role in. Ambyth therefore could not have intended to benefit National Union, particularly because the agreement with Ambyth predates the National Union policy. Therefore, Ambyth could not have intended to expressly benefit National Union, as opposed to another insurer Mobil could have selected.

Furthermore, while National Union states that it is an "agreed upon secondary insurer," nowhere in the TSA does it provide that National Union is an "agreed upon secondary insurer." Therefore, the document National Union claims grants it third party beneficiary status, and which National Union attaches, does not support National Union's allegations. Ambyth did not intend to expressly benefit National Union, and National Union has not stated a claim showing otherwise.

For these reasons, and those stated in Pacific Indemnity's Motion to Dismiss, Ambyth moves that all counts against Ambyth be DISMISSED.

DATED: Hagåtña, Guam, August 11, 2006.

CARLSMITH BALL LLP

_/s/ Elyze McDonald_
DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendant
Ambyth Shipping and Trading, Inc.
dba Ambyth Trucking

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11 day of August 2006, I will cause to be served, via hand delivery, true and correct copies of DEFENDANT AMBYTH SHIPPING & TRADING, INC. dba AMBYTH TRUCKING'S JOINDER IN MOTION TO DISMISS AND ADDITIONAL BRIEFING IN SUPPORT THEREOF upon the following Counsels of record:

>G.Patrick Civille, Esq.
>Civille & Tang, PLLC
>Suite 200, 300 Hernan Cortez Avenue
>Hagåtña, Guam 96910

and

>Michael D. Flynn, Jr., Esq.
>Maher, Yanza, Flynn & Timblin, LLP
>115 Hesler Place, Ground Floor
>Governor Flores Building
>Hagåtña, Guam 96910-5004

Executed this 11 day of August 2006.

_____
ELYZE J. MCDONALD