Michael D. Flynn, Jr., Esq.
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

FILED
DISTRICT COURT OF GUAM
SEP - 1 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | CIVIL CASE NO. 06-00017 |
| Plaintiff, | OPPOSITION TO PACIFIC INDEMNITY INSURANCE COMPANY'S MOTION TO DISMISS |
| vs. | |
| PACIFIC INDEMNITY INSURANCE COMPANY, | |
| Defendant. | |

In support of National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Amended Complaint for Declaratory Relief and Reimbursement, and in opposition to Defendant PACIFIC INDEMNITY's motion to dismiss for failure to state a claim and Defendants' AMBYTH and QUERRY's joinder in that motion, National Union states, as follows.

/ /
/ /

1

## I. DEFENDANT PACIFIC INDEMNITY IS THE PRIMARY INSURER AS TO NATIONAL UNION.

Under Guam law, in the absence of any ambiguities in an insurance agreement, the objective rules of contract law apply, and the clear and explicit language governs. *Yasuda Fire & Marine Ins. Co., Ltd. v. Heights Enterprises*, 1997 WL 1047919, *3; 1998 Guam 5, ¶12 (Guam 1997) (*citing Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 833 P.2d 545, 551-2 (Cal.1992). Section V (G)(5) and Section IV (B)(5)(c) of the Pacific Indemnity Policy expressly state that Defendant PACIFIC INDEMNITY's liability insurance coverage is primary as to all other insurance that may provide MOBIL and Defendant AMBYTH with coverage. National Union provides MOBIL and Defendant AMBYTH with coverage. As such, under the unambiguous terms of the Pacific Indemnity Policy, Defendant PACIFIC INDEMNITY's liability insurance coverage is primary as to the coverage provided under the National Union Policy.

## II. NATIONAL UNION, AS A THIRD-PARTY BENEFICIARY TO THE PACIFIC INDEMNITY INSURANCE POLICY, MAY MAINTAIN A CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST PACIFIC INDEMNITY.

Title 18 GCA § 85204 provides that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." 18 GCA § 85204 (1992). In *Guam Tai-Pan Development & Const., Inc. v. Yigo Alta Estates, Inc.*, 2002 WL 31618669, *5; 2002 Guam 20, ¶18 (Guam 2002), the Guam Supreme court, referencing a Missouri appellate decision, made clear the ability of a third-party beneficiary to enforce its rights under a contract. *Id.* (citing *Kansas City N.O. Nelson Co. v. Mid-Western Constr. Co.*, 782 S.W.2d 672, 677 (Mo.

Ct. App 1989); *see also, <u>Ronquillo v. Korea Auto., Fire, & Marine Ins. Co., Ltd.</u>*, 2001 WL 1725751, *5; 2001 Guam 25, ¶20 (Guam 2001).

Missouri courts have further clarified and confirmed the requirements necessary for the third-party beneficiary to maintain a cause of action under a contract. "Only those third parties for whose primary benefit the parties contract may maintain an action." <u>L.A.C. ex rel. D.C. v. Ward Parkway Shopping Center Co.</u>, L.P. 75 S.W.3d 247, 260 (Mo.banc 2002) (quoting <u>Andes v. Albano</u>, 853 S.W.2d 936, 942 (Mo. banc 1993)). "[I]t is not necessary for the parties to the contract to have as their 'primary object' the goal of benefiting the third parties, but only that the third parties be primary beneficiaries." <u>Id.</u> It is not necessary that the third-party beneficiary's name appear in the contract; rather, the terms of the contract need only express "directly and clearly an intent to benefit an identifiable person or class." <u>Terre Du Lac Ass'n. v. Terre Du Lac, Inc.</u>, 737 S.W.2d 206, 213 (Mo.App.1987). The third-party beneficiary is a donee beneficiary if the purpose of the promisee in obtaining the promise of all or part of the performance thereof is "to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary." <u>Id.</u> (citing Restatement of Contracts Section 133 (1932)).

Under California law[1], "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

---

[1] Title 18 GCA § 85204 is derived from California Civil Code § 1559[1] and, as such, California case law interpreting the California third-party beneficiary statute is persuasive authority. *See Cruz v. Cruz*, 2005 WL 161215; 2005 Guam 3 ¶ 9 (Guam 2005) (finding that California case law interpreting a California statute from which a Guam statute was derived is persuasive authority, and adopting such case law "absent a compelling reason to deviate." ); *Fajardo v. Liberty House Guam*, 2000 Guam 4, ¶ 17 (adopting California case law construing a similar Guam statute where "there [wa]s no compelling reason to deviate from that jurisdiction's interpretation of these statutes" ).

3

Cal.Civ.Code, § 1559. The word 'expressly,' by judicial interpretation, merely means the negative of 'incidentally.' *Prouty v. Gores Technology Group*, 121 Cal.App.4th 1225, 1232-1233, 18 Cal.Rptr.3d 178, 184 (Cal.App. 3 Dist. 2004).[2] The third party need not be identified by name. It is sufficient if the third party belongs to a class of persons for whose benefit the contract was made. *Johnson v. Superior Court*, 80 Cal.App.4th 1050, 1064, 95 Cal.Rptr.2d 864, 873 (Cal. App. 2 Dist. 2000). The contract need not be exclusively for the benefit of the third party. He does not need to be the sole or the primary beneficiary. *Id.*

Generally, it is a question of fact whether a particular third person is an intended beneficiary of a contract. *Prouty v. Gores Technology Group*, 121 Cal.App.4th 1225, 1232-1233, 18 Cal.Rptr.3d 178, 184 (Cal.App. 3 Dist. 2004) (*citation omitted*). However, where the issue can be answered by interpreting the contract as a whole and doing so in light of the uncontradicted evidence of the circumstances and negotiations of the parties in making the contract, the issue becomes one of law that the court may resolve independently. *Id.* "If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person. The parties are presumed to intend the consequences of a performance of the contract." *Id.* (quoting *Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.*, 160 Cal.App.2d 290, 296-297, 325 P.2d 193 (Cal. 1958)).

---

[2] While it is not necessary that third party be specifically named as beneficiary, "expressly" means an express manner, in direct or unmistakable terms, explicitly, definitely, directly. *City and County of San Francisco v. Western Air Lines, Inc.*, 22 Cal.Rptr. 216, 204 Cal.App.2d 105 (Cal. App. 1 Dist. 1962), *certiorari denied* 83 S.Ct. 502, 371 U.S. 953, 9 L.Ed.2d 502.

4

In the present case, MOBIL, as part of the consideration for entering into the Transportation Services Agreement (the "TSA"), had a clear promise from AMBYTH to render a stated performance to an identifiable class, i.e., liability insurers other than AMBYTH's own insurer. AMBYTH's promise was that AMBYTH's own insurance would be primary as to all other insurance concerning the tanker truck at issue.[3] Similarly, AMBYTH, as part of the consideration for entering into an insurance agreement concerning coverage on the Tanker Truck, had a clear promise from PACIFIC INDEMNITY to render a stated performance to an identifiable class, i.e., liability insurers other than PACIFIC INDEMNITY. PACIFIC INDEMNITY's promise was that the Pacific Indemnity Policy would be primary as to all other insurance concerning the tanker truck at issue.[4] Applying the law of a third-party beneficiary to the language of the Pacific Indemnity Policy, AMBYTH expressly intended to confer this benefit upon all other insurers for the tanker truck, which class of insurers included National Union.

Pursuant to Section V (G)(5) and Section IV (B)(5)(c) of the Pacific Indemnity Policy, Defendant PACIFIC INDEMNITY's liability insurance coverage is primary as to all other insurance that may provide MOBIL and Defendant AMBYTH with coverage. The performance regarding the primary insurance was to be rendered directly to and for the benefit of all other insurers, such as National Union. National Union satisfies the requirements for third-party beneficiary status. National Union is a donee beneficiary and is entitled to sue Defendant PACIFIC INDEMNITY to enforce the insurance agreement with AMBYTH.

---

[3] *See* Article 14.1(f)(2) of the Transportation Services Agreement.
[4] *See* Section V (G)(5) and Section IV (B)(5)(c), Pacific Indemnity Policy.

## III. THE ANTISUBROGATION RULE DOES NOT BAR NATIONAL UNION'S SUBROGATION TO MOBIL'S CLAIM FOR BREACH OF INSURANCE CONTRACT.

Defendant PACIFIC INDEMNITY asserts that, under the antisubrogation rule, National Union has no right of subrogation against its own insured, AMBYTH, or AMBYTH's insurer, PACIFIC INDEMNITY, for claims arising from the very risk for which the insured was covered.[5]

The antisubrogation rule has no application for recovery with respect to an insured's breach of agreement to provide insurance coverage; that obligation is an obligation completely distinct from the obligation to indemnify. *Public Serv. Truck Renting v. Ambassador Ins. Co.* 175 A.D.2d 632, 572 N.Y.S.2d 559 (N.Y. A.D. 1991). Further, with regard to equitable subrogation against an insured, if the policy does not cover the insured for a particular loss or liability, it would neither undermine the insured's coverage nor be inequitable to impose the loss or liability on the insured if the insured caused or was otherwise responsible for the loss or liability. *McKinley v. XL Specialty Ins. Co.*, 33 Cal.Rptr.3d 98 (Cal.App.3.Dist.,2005).

Plaintiff National Union has amended its Complaint to assert claims solely against Defendant PACIFIC INDEMNITY.[6] Plaintiff National Union's amended claim in subrogation against Defendant PACIFIC INDEMNITY does not arise from the very risk for which AMBYTH and QUERRY were covered, i.e., indemnity for bodily injury and property damage caused by accident. Plaintiff National Union's claim in subrogation arises out of Defendant PACIFIC INDEMNITY's breach of the insurance agreement with its insureds, MOBIL and AMBYTH. Specifically, Defendant PACIFIC INDEMNITY breached Section V

---

[5] *See* Pacific Indemnity's Memorandum of Points and Authorities in Support of Motion to Dismiss, pp. 10-17.
[6] *See* National Union's Amended Complaint For Declaratory Relief And For Reimbursement, filed concurrently with this Opposition Memorandum.

(G)(5) and Section IV (B)(5)(c) of the Pacific Indemnity Policy, requiring Defendant PACIFIC INDEMNITY to provide primary insurance as to all other insurance—such as the insurance provided by National Union in the National Union Policy. As the National Union Policy does not cover MOBIL or AMBYTH for breach of Pacific Indemnity's Policy, the antisubrogation rule does prevent National Union from pursuing subrogation against Defendant PACIFIC INDEMNITY on National Union's claim for breach of the Pacific Indemnity Policy.

MOBIL, as an additional insured, is an intended and express third-party beneficiary to the Pacific Indemnity Policy. By failing to act as the primary insurer as to the claims which arose from the Tanker Truck Accident, Defendant PACIFIC INDEMNITY breached the terms of its insurance agreement with its insured and intended third-party beneficiary, MOBIL, under the Pacific Indemnity Policy. By reason of Plaintiff National Union's payments made to, or on behalf of, third party claimants as the result of Defendant PACIFIC INDEMNITY's failure to act as primary insurer with respect to claims, loss and expense from the Tanker Truck Accident, Plaintiff National Union is equitably subrogated to MOBIL's rights, under the Pacific Indemnity Policy, up to the amounts paid on behalf of MOBIL or AMBYTH and Plaintiff National Union is entitled to recover against Defendant PACIFIC INDEMNITY for said amounts.

Dated this 1st day of September, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

BY: _____
MICHAEL D. FLYNN, JR., ESQ.