## EXCLUSION ENDORSEMENT B

IN CONSIDERATION of the premium charged, it is hereby understood and agreed that Coverage under this policy is amended to include the following exclusions:

**This policy does not apply:**
1. While the Automobile is used for or engaged in racing, pacemaking or speed testing.
2. While the Automobile is being operated by the insured or any person who does not hold a valid driver's license. It is understood that this Exclusion shall not apply in respect of any claim by innocent Third Parties or innocent Named Insured if not operating the insured vehicle under the conditions set in the preceding paragraph of this Exclusion, the Company shall have the right of recovery from the operator of the insured vehicle.

Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the Policy, except as hereinafter set forth.

This endorsement is effective as of   April 1, 2003   and forms part of
Policy No.   LBA11100644   of the Pacific Indemnity Insurance Company
issued to   Ambyth Shipping & Trading, Inc. Intermodal Cargo Forwarders

Date Issued   April 1, 2003

By: _____
Agents for
Pacific Indemnity Insurance Company

**RECEIVED**

APR 1 5 2005

GUAM INSURANCE
ADJUSTERS

AUT01b.0498                                                                    p. 1 of 1

## DWI EXCLUSION

IT IS HEREBY UNDERSTOOD AND AGREED that the Company shall not be liable with respect to any accident loss, damage or liability caused, sustained or incurred while any motor vehicle, in respect of which indemnity is provided by this policy, is being driven by any person while committing a felony or who is under the influence of intoxicating liquor or controlled drugs or substances, or while said vehicle is being driven by any person who has been convicted of driving while under the influence of intoxicating liquor or any controlled drugs or substances with respect to such accident, loss, damage or liability.

IT IS UNDERSTOOD that this Exclusion shall not apply in respect of any claim by innocent Third Parties or innocent Named Insured if not operating the insured vehicle under the conditions set out in the preceding paragraph.

IT IS FURTHER UNDERSTOOD AND AGREED that if the Company shall indemnify any Third Party for a claim which otherwise would have been excluded under the first paragraph of this exclusion, the Company shall have the right of recovery from the operator of the insured vehicle.

This endorsement is effective <u>April 1, 2003</u> and is attached to and forms a part of Policy No. <u>LBA11100644</u> of the <u>Pacific Indemnity Insurance Company.</u>

Date Issued: <u>April 1, 2003</u>

By: _____
Authorized Signature

RECEIVED
APR 15 2005
GUAM INSURANCE ADJUSTERS

AUTO3.0498

p. 1 of 1

# AUTO CATASTROPHE EXCLUSION

Name of Insured: Ambyth Shipping & Trading, Inc. Intermodal Cargo Forwarders

In consideration of the reduced premium charged, it is hereby agreed that this a policy does not apply, under Coverages D to loss or damage directly or indirectly, proximately or remotely, occasioned by or arising from or in consequence of earthquake, volcanic eruption, typhoon, hurricane, tornado, cyclone, or other convulsion of nature or atmospheric disturbance.

Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits, or conditions of the Policy, except as hereinabove set forth.
This endorsement is effective     April 1, 2003
Attached to and forming part of Policy No.     LBA11100644     of the
Pacific Indemnity Insurance Company

Date Issued     April 1, 2003          By: _____
                                            Authorized Signature
                                            · General Agent

RECEIVED
APR 15 2005
GUAM INSURANCE ADJUSTERS

AUTO5.0700

Page 1 of 1

# ABSOLUTE POLLUTION EXCLUSION ENDORSEMENT

It is agreed that any exclusion in the policy relating to the discharge dispersal, release or escape of smoke, vapors, soot, fumes, aids, alkalis, toxic chemicals, liquids, gases, waste materials or other irritants, contaminants or pollutants is replaced by the following:

> To bodily injury or property damage arising out of the discharge, dispersal, release, or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids, gases, waster materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or watercourse or body of water.
>
> This insurance also does not apply to any cost or expense arising out of any governmental demand or request that an insured test for, assess, monitor, clean-up, remove, contain, tread, detoxify, or neutralize any such irritants contaminants, or pollutants.
>
> This Company shall not have the duty to defend any claim or suit seeking to impose such cost, expenses, liability for such damages, or any other relief.

This endorsement is effective as of April 1, 2003 and forms part of Policy No. LBA11100644 of the PACIFIC INDEMNITY INSURANCE COMPANY issued to Ambyth Shipping & Trading, Inc. Intermodal Cargo Forwarders.

**RECEIVED**

APR 15 2005

GUAM INSURANCE ADJUSTERS

## ASBESTOS EXCLUSION NO.1

This policy does not apply to any loss, demand, claim or suit arising out of or related in any way to asbestos or asbestos-containing materials.

The Company shall have no duty of any kind with respect to any such loss, demand, claim or suit.

This endorsement is effective as of     April 1, 2003
and forms part of Policy No.   LBA11100644              of the Pacific Indemnity Insurance Company
issued to    Ambyth Shipping & Trading, Inc. Intermodal Cargo Forwarders

RECEIVED
APR 15 2005
GUAM INSURANCE ADJUSTERS

AUTO9.1000                                                                                          Page 1 of 1

FORM: PROP5.0498_r1298

POLICY NO. LBA11100644

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION OF CERTAIN COMPUTER-RELATED LOSSES

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE
COMMERCIAL CRIME COVERAGE
COMMERCIAL INLAND MARINE COVERAGE
COMMERCIAL PROPERTY COVERAGE
MERCANTILE OPEN STOCK POLICY
STANDARD FIRE POLICY
ACCOUNTS RECEIVABLE COVERAGE
ELECTRONICS AND DATA PROCESSING POLICY
VALUABLE PAPERS COVERAGE
COMMERCIAL AUTOMOBILE POLICY,
   PART 5: PHYSICAL DAMAGE INSURANCE
BUSINESS INSURANCE XTRA POLICY (BIX),
   PART 3: PROPERTY COVERAGES

HOMEOWNERS POLICY, PROPERTY COVERAGE
PERSONAL ARTICLES FLOATER
TOTAL COMPREHENSIVE PROTECTION POLICY (TCP),
   PART 3: DAMAGE TO PROPERTY
PERSONAL AUTO POLICY, PHYSICAL DAMAGE COVERAGE
PERSONAL INLAND MARINE COVERAGE
BURGLARY SAFE COVERAGE
GARAGE INSURANCE
ELECTRONICS AND DATA PROCESSING POLICY AND/OR COVERAGE FORM
SPECIAL COVERAGE POLICY
COMPREHENSIVE BUSINESS PROTECTION POLICY

RECEIVED
APR 15 2005
GUAM INSURANCE ADJUSTERS

A. We will not pay for loss ("loss") or damage caused directly or indirectly by the following. Such loss ("loss") or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss ("loss") or damage.

   1. The failure, malfunction or inadequacy of:

      a. Any of the following, whether belonging to any insured or to others:
         (1) Computer hardware, including microprocessors;
         (2) Computer application software;
         (3) Computer operating systems and related software;
         (4) Computer networks;
         (5) Microprocessors (computer chips) not part of any computer system; or
         (6) Any other computerized or electronic equipment or components; or

      b. Any other products, and any services, data or functions that directly or indirectly use or rely upon in any manner, any of the items listed in Paragraph A.1.a. of this endorsement;

      due to the inability to correctly recognize, process, distinguish, interpret or accept one or more dates or times. An example is the inability of computer software to recognize the year 2000.

   2. Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, replacement or supervision provided or done by you or for you to determine, rectify or test for, any potential or actual problems described in Paragraph A.1. of this endorsement.

B. If an excluded Cause of Loss as described in Paragraph A. of this endorsement results:

   1. In a Covered Cause of Loss under the Boiler And Machinery Coverage Part, the Commercial Crime Coverage Part, the Commercial Inland Maine Coverage Part or the Standard Property Policy; or

   2. Under the Commercial Property Coverage Part:

      a. In a "Specified Cause of Loss" under the Causes of Loss - Special Form; or

      b. In a Covered Cause of Loss under the Causes of Loss - Basic Form or the Causes of Loss - Broad Form;

   We will pay only for the loss ("loss") or damage caused by such "Specified Cause of Loss" or Loss

C. We will not pay for repair, replacement of modification of any items in Paragraphs A.1.a. and A.1.b. of this endorsement to correct any deficiencies or change any features.

FORM: PROP5.0498_r1298                  p. 1 of 1

FORM: LIAB9.0498_r1298

RECEIVED
APR 15 2005
GUAM INSURANCE ADJUSTERS

POLICY NO. LBA11100644

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

# EXCLUSION - YEAR 2000 COMPUTER-RELATED AND OTHER ELECTRONIC PROBLEMS

This endorsement modifies insurance provided under the following:
LIABILITY INSURANCE COVERAGE
COMMERCIAL LIABILITY COVERAGE PART
COMPREHENSIVE GENERAL LIABILITY POLICY
BUSINESS INSURANCE XTRA POLICY (BIX), PART 4 : LIABILITY AND MEDICAL PAYMENTS, LIABILITY COVERAGES
CONTRACTUAL LIABILITY COVERAGE
UMBRELLA LIABILITY
TOTAL COMPREHENSIVE POLICY (TCP), PART4: LIABILITY
PERSONAL AUTO POLICY, PART 4: LIABILITY
GARAGE INSURANCE
HOMEOWNERS POLICY, LIABILITY COVERAGE
DIRECTORS' AND OFFICERS' LIABILITY COVERAGE
COMPREHENSIVE BUSINESS PROTECTION POLICY

**Exclusions**

This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or "products/completed operations" liability arising directly or indirectly out of:

1. Any actual or alleged failure, malfunction or inadequacy of:
   a. Any of the following, whether belonging to any Insured or to others:
      (1) Computer hardware, including microprocessors;
      (2) Computer application software;
      (3) Computer operating systems and related software;
      (4) Computer networks;
      (5) Microprocessors (computer chips) not part of any computer system; or
      (6) Any other computerized or electronic equipment or components; or
   b. Any other products, and any services, data or functions that directly or indirectly use or rely upon, in any manner, any of the items listed in Paragraph A.1.a of this endorsement

   due to the inability to correctly recognize, process, distinguish, interpret or accept the year 2000 and beyond.

2. Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, replacement or supervision provided or done by you or for you to determine, rectify or test for, any potential or actual problems described in A.1 of this endorsement.

FORM: LIAB9.0498_r1298                                                                 p.1 of 1

# AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR REIMBURSEMENT

# EXHIBIT "6"

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. vs. PACIFIC INDEMNITY INSURANCE COMPANY; U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 06-00017



FOREIGN AUTOMOBILE POLICY
(FOR COMMERCIAL USE)

PLEASE READ YOUR POLICY
Printed in U.S.A.

# NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

(A Capital Stock Insurance Company, herein called the Company)



Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and of the statements contained in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

## INSURING AGREEMENTS

**Coverage A. Comprehensive—Excluding Collision or Upset:** To pay for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, falling aircraft or parts thereof, fire, theft, explosion, earthquake, windstorm, tornado, cyclone, typhoon, hail, water, flood or vandalism shall not be deemed loss caused by collision or upset.

The amount deductible stated in Item 3 of the declarations shall be deducted from each such loss.

**Coverage B. Collision or Upset:** To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile.

The amount deductible stated in Item 3 of the declarations shall be deducted from each such loss.

**Coverage D. Bodily Injury Liability:** To indemnify the insured for all sums which he shall become legally obligated to pay as damages because of bodily injury, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

The words "bodily injury," and the word "injury" when referring to bodily injury, shall be deemed to include "sickness or disease."

**Coverage E. Property Damage Liability:** To indemnify the insured for all sums which he shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.

**Coverage F. Medical Payments:** To pay all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission.

The words "bodily injury," and the word "injury" when referring to bodily injury, shall be deemed to include "sickness or disease."

**II. Defense, Settlement, Supplementary Payments:** As respects the insurance afforded by the other terms of this policy under coverages D and E the company shall:

494A (6/76)

(a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, the cost of bail bonds required of the insured in the event of accident or traffic law violation during the policy period, not to exceed the usual charges of surety companies nor $100 per bail bond, but without any obligation to apply for or furnish any such bonds;

(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(d) pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident;

(e) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request.

The company shall not be obligated under this insuring agreement to pay the cost of bonds or the expenses of investigation, settlement or defense arising out of any criminal action against the insured.

The amounts incurred under this insuring agreement, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy.

**III. Special Privilege for Immediate Repairs:** The named insured may authorize the repair of any automobile described in Item 4 of the declarations necessitated by damage for which the company may be liable under any one or both of the coverages A and B, provided:—

(1) the estimated cost of repairs does not exceed one hundred and twenty-five dollars ($125.00);

(2) the company is furnished with a detailed estimate of the cost; and

(3) the insured shall give the company every assistance to see that such repair is necessary and the charge reasonable.

**IV. Definition of Insured:** With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.

The insurance with respect to any person or organization other than the named insured does not apply:

(a) to injury to or death of any person who is a named insured;

(b) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof;

(c) to any employee with respect to injury to or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

**V. Automobile Defined, Trailers, Two or More Automobiles, Including Automatic Insurance:**

(a) **Automobile.** Except where stated to the contrary, the word "Automobile" means:

(1) **Described Automobile** —the motor vehicle or trailer described in this policy;

(2) **Utility Trailer** —under coverages D, E and F, a trailer not so described, if designed for use with a private passenger automobile, if not being used with another type automobile and if not a home, office, store, display or passenger trailer;

(3) **Temporary Substitute Automobile** —under coverages D, E, and F, an automobile not owned by the named insured while temporarily used as the substitute for the described automobile while withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(4) **Newly Acquired Automobile** —an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the company insures all automobiles owned by the named insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile;

The word "automobile" also includes, under coverages A and B, its equipment and other equipment permanently attached thereto.

(b) **Semitrailer.** The word "trailer" includes semitrailer.

(c) **Two or More Automobiles.** When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile as respects limits of liability under coverages D and E and separate automobiles as respects limits of liability, including any deductible provisions, under coverages A and B.

**VI. Use of Other Automobiles:** If the named insured is an individual who owns the automobile classified as "pleasure and business" or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to said automobile applies with respect to any other automobile subject to the following provisions:

(a) with respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes (1) such named insured, (2) the spouse of such individual if a resident of the same household and (3) any other person or organization legally responsible for the use by such named insured or spouse of an automobile not owned or hired by such other person or organization. Insuring Agreement IV, Definition of Insured, does not apply to this insurance.

(b) This insuring agreement does not apply:

(1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse;

(2) to any automobile while used in the business or occupation of the named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, chauffeur or servant;

(3) to any accident arising out of the operation of an automobile repair shop, public garage, sales agency, service station or public parking place;

(4) under coverage F, unless the injury results from the operation of such other automobile by such named insured or spouse or on behalf of either by such chauffeur or servant, or from the occupancy of said automobile by such named insured or spouse;

(5) under coverage D, to injury to or death of any person who is a named insured.

**VII. General Average and Salvage Charges:** The company with respect to such transportation insurance as is afforded by this policy, shall pay any general average and salvage charges for which the named insured becomes legally liable.

**VIII. Policy Period, Territory, Purposes of Use:** This policy applies only to accidents which occur, and to direct and accidental losses to the automobile which are sustained, during the policy period, while the automobile is owned, maintained and used for the purposes stated as applicable thereto in the declarations and is (1) within the geographical area specified in Item 7 of the declarations, or (2) if the named insured's domicile on the effective date of the policy period is outside the United States of America or the Dominion of Canada, while within the United States of America or the Dominion of Canada, for a period not exceeding thirty days during the policy period commencing with the date of the arrival of the named insured or of the automobile, which ever shall first occur.

Attach declarations page (Form C-494A-9th Rev.)
along with any endorsements.

This policy not complete unless such
declarations page is attached.

## EXCLUSIONS

**This Policy Does Not Apply:**

I. Under any of the Coverages,
(a) while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged therefor;
(b) to any accident or to any loss directly or indirectly arising from or occasioned by or in consequence of war, invasion, act of foreign enemy, hostilities or warlike operations (whether war be declared or not), mutiny, civil war, rebellion, revolution, insurrection or military or usurped power.

II. Under Coverages A and B,
(a) to tires unless damaged by fire or stolen or unless such loss be coincident with other loss covered by this policy;
(b) to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy;
(c) to robes, wearing apparel or personal effects;
(d) to loss or damage due to confiscation, nationalization or requisition by or under the order of any government or public or local authority or to loss or damage which occurs subsequent to abandonment or to relinquishment of possession of the automobile, made necessary by order of such authority;
(e) while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy;
(f) to loss or damage caused by riot, strike, riot attending a strike, or civil commotion;
(g) to loss or damage arising while the automobile is being transported by water or is being loaded on, or unloaded from, any ship, lighter or connecting vessel. This exclusion shall not apply while the automobile is in transit (1) on inland waterways in the countries designated in Item 7 of the declarations, or (2) by sea, on a voyage not exceeding 65 hours duration under normal conditions, between such countries in Europe and/or North Africa as may be designated in Item 7 of the declarations.

III. Under Coverage A,
(a) to loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance.

IV. Under Coverage B,
(a) to breakage of glass if insurance with respect to such breakage is otherwise afforded.

V. Under Coverages D, E and F,
(a) to liability assumed by the insured under any contract or agreement.

VI. Under Coverages D and E,
(a) while the automobile is used for the towing of any trailer owned or hired by the named insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the named insured and not covered by like insurance in the company.

VII. Under Coverages D and F,
(a) to bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any Workmen's Compensation law, plan or scheme.

VIII. Under Coverage D,
(a) to any obligation for which the insured or any company as his insurer may be held liable under any Workmen's Compensation law, plan or scheme;
(b) to bodily injury to or death of any member of the insured's family residing with the insured.

IX. Under Coverage E,
(a) to injury to or destruction of property owned by, rented to, in charge of or transported by the insured.

X. Under Coverage F,
(a) to bodily injury to or death of any person if benefits therefor are payable under any Workmen's Compensation law, plan or scheme.

## CONDITIONS

Conditions 1 to 17 inclusive apply only to the coverage or coverages noted thereunder. Conditions 18 to 23 inclusive apply to all coverages.

**1. Named Insured's Duties When Loss Occurs—Coverages A and B:** When loss occurs, the named insured shall:
(a) protect the automobile, whether or not the loss is covered by this policy, and any further loss due to the named insured's failure to protect shall not be recoverable under this policy; reasonable expense incurred in affording such protection shall be deemed incurred at the company's request;
(b) give notice thereof as soon as practicable to the company or to any of its authorized representatives and also, in the event of theft, larceny, robbery or pilferage, to the police or, if within a territory occupied by a military government, to the nearest office of such government but shall not, except at his own cost, offer or pay any reward for recovery of the automobile;
(c) file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the named insured setting forth the interest of the named insured and all others in the property affected, any encumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss and the descriptions and amounts of all other insurance covering such property.

Upon the company's request, the named insured shall exhibit the damaged property to the company and submit to examinations under oath by anyone designated by the company, subscribe the same and produce for the company's examination all pertinent records and sales invoices, or certified copies if originals be lost, permitting copies thereof to be made, all at such reasonable times and places as the company shall designate.

**2. Notice of Accident—Coverages D, E and F:** When an accident occurs written notice shall be given by or on behalf of the insured to the company or to any of its authorized representatives as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information regarding the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

**3. Notice of Claim or Suit—Coverages D and E:** If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

**4. Limit of Liability; Settlement Options; No Abandonment—Coverages A and B:** The limit of the company's liability for loss shall not exceed the actual cash value of the automobile, or, if the loss is of a part thereof, the actual cash value of such part at time of loss, nor what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, nor the applicable limit of liability stated in the declarations.

The company may pay for the loss in money or may repair or replace the automobile or such part thereof, as aforesaid, or may return any stolen property with payment for any resultant damage thereto at any time before the loss is paid or the property is so replaced subject, however, to such deductions represented by the amount deductible stated in Item 3 of the declarations, if any, as may be applicable thereto, or may take all or such part of the automobile at the agreed or appraised value but there shall be no abandonment to the company.

**5. Limits of Liability—Coverage D:** The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by two or more persons in any one accident.

6. **Limits of Liability—Coverage E:** The limit of property damage liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages arising out of injury to or destruction of all property of one or more persons or organizations, including the loss of use thereof, as the result of any one accident.

7. **Limits of Liability—Coverage F:** The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury, including death resulting therefrom, in any one accident.

8. **Limits of Liability—Coverages D, E and F:** The inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

9. **Assault and Battery—Coverages D and E:** Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured.

10. **Appraisal, Repair, Replacement—Coverages A and B:** If the named insured and the company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty days after receipt of proof of loss by the company, select a competent and disinterested appraiser and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The named insured and the company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

The company shall not be held to have waived any of its rights by any act relating to appraisal.

11. **Assistance and Cooperation of the Insured—Coverages A, B, D and E:** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

12. **Medical Reports; Proof and Payment of Claim—Coverage F:** As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require.

The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute admission of liability of the insured or, except hereunder, of the company.

13. **Payment for Loss; Action Against the Company—Coverages A and B:** Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy, nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy.

14. **Action Against the Company—Coverages D and E:** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligation hereunder.

**Action Against the Company—Coverage F:** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until thirty days after the required proofs of claim have been filed with the company.

16. **No Benefit to Bailee—Coverages A and B:** The insurance afforded by this policy shall not inure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile.

17. **Subrogation—Coverages A, B, D and E:** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

18. **Other Insurance:** Except under coverage F, if the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute automobiles under Insuring Agreement V or other automobiles under Insuring Agreement VI shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to said automobiles or otherwise. Under coverage F, the insurance afforded with respect to other automobiles under Insuring Agreement VI shall be excess insurance over any other valid and collectible medical payments insurance applicable thereto.

If, in order to comply with local statutory requirements, a policy is issued to the named insured providing valid and collectible insurance against a loss covered by this policy, the insurance under this policy shall be excess insurance over such other insurance and the limits of liability under this policy shall be reduced by an amount equal to the limits of liability afforded under such other policy.

19. **Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part thereof, signed by an authorized representative of the company.

20. **Assignment:** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless canceled, shall, if written notice be given to the company within sixty days after the date of such death or adjudication, cover (1) the named insured's legal representative as the named insured, and (2) under coverages D and E, subject otherwise to the provisions of Insuring Agreement IV, any person having proper temporary custody of the automobile, as an insured, and under coverage F while the automobile is used by such person, until the appointment and qualification of such legal representative but in no event for a period of more than sixty days after the date of such death or adjudication.

21. **Cancelation:** This policy may be canceled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

If the named insured cancels, earned premiums shall be computed in accordance with the short rate table and procedure customarily in use by the company. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective.

The company's check or the check of its representative similarly mailed or delivered shall be a sufficient tender of any refund of premium due to the named insured.

22. **Terms of Policy Conformed to Statue:** Terms of this policy which are in conflict with the statutes of the state or country wherein this policy is issued are hereby amended to conform to such statutes.

23. **Declaration:** By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

In Witness Whereof, the company has caused this policy to be signed by its president and a secretary; but this policy shall not be valid unless countersigned on the Declarations page by a duly authorized representative of the Company.

*[Signature]*
Secretary

*[Signature]*
President

PART 2   This Declarations page, with "POLICY PROVISION—PART 1," and endorsements, if any, issued to form a part thereof, completes the below numbered policy.

## DECLARATIONS

Policy No. **85-703110**

Item 1. Name of Insured and Address:

Mobil Oil Guam, Inc.
P.O. Box EU
Hagatna, Guam 96932 -

Renewal of Policy No: | 85-687828
Agent or Agency: | Main Office

**INSURING COMPANY**
National Union Fire Insurance Co. Of Pittsburgh, PA.

Payor: Mobil Oil Guam, Inc.
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   00/00/00
649-8861
P.O. Box EU

Hagatna   Guam   96932-

Item 2. Policy Period (Month/Day/Year):   12 months
(12:01 AM, Standard Time at the address above)

From: 01/01/2005   To: 01/01/2006

Item 3. The insurance afforded is only with respect to the following Coverages which indicate a specific premium charge or charges. The limit of the Company's liability against each coverage shall be stated on the attached SCHEDULE OF VEHICLES, subject to all the terms of this policy having reference thereto.

| COVERAGE NAME | PREMIUM |
|---|---|
| A. Comprehensive (excluding Typhoon) | $ |
| B. Collision | $ |
| C. Typhoon Coverage | $ |
| D. Bodily Injury Liability | $ |
| E. Property Damage Liability | $ |
| F. Medical Payments | $ |
| G. Uninsured Motorist | $ |
| H. Personal Accident | $ |
| I. Loss of Use-Broad Form | $ |
| Others   Employers' Non-Ownership Liability | $ |
| TOTAL PREMIUM: | $ |

($ 3,359.00)   Applicable Discounts/Surcharges:   FltD 20% .
Short Term Minimum Premium: Short Rate, NOT LESS THAN minimum earned premium of

Endorsements attached to and forming part of this policy:
#1-Schedule of Vehicles;   #2-Pollution Exclusion;   #3-Nuclear Exclusion;   #4-Automobile Fleet Plan;   #5-SPT Endorsement;   #6-Employer's Non-Owner Liability;   #8-Inclusion of Hired Automobile;   #9-Loading & Unloading Exclusion;   #10-Typhoon Exclusion;   #11-Terrorism Exclusion;   #12-Combined Single Limit;   #13-All Inclusive Limits
# 14-Additional Insured

Item 4.   Description of Automobiles   See attached SCHEDULE OF VEHICLES.
Item 5.   Lienholders:   Every automobile is fully paid for; if not, any loss under coverages A, B and C, is payable as interest may appear, to the named insured and the Lienholder indicated in the SCHEDULE OF VEHICLES.

Item 6.   Purpose of Use:   The purpose for which the automobiles are to be used is: | BUSINESS
Item 7.   Geographical Area:   The geographical area in which this policy applies is: | GUAM
Item 8.   Notice of Accident or Loss:   In the event of accident or loss covered under this policy, immediate notice is to be given to:
Calvo's Insurance Underwriters • 472-6816   or   Guam Insurance Adjusters

Calvo's Insurance Underwriters, Inc.
Agents

By _____
Authorized Representative

**CERTIFIED TRUE COPY OF ORIGINAL**
CALVO'S INSURANCE, UND., INC.

MH 12/31/2004 -

# Mobil Oil Guam, Inc.

## Endorsement No. 1 - Schedule of Vehicles

### Policy No. 85-703110

| Item No. | Description | ME# | Coverages | Limits | Premium |
|---|---|---|---|---|---|
| 1 | 1986 GMC Tank Truck<br>VIN # 1GDM7DIG4GV508500<br>LH: *** None Stated *** | 105 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 2 | 1989 Heil Tank Trailer<br>VIN # 1HLA3A7B6K7H54698<br>LH: *** None Stated *** | 113 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 3 | 1989 Heil Tank Trailer<br>VIN # 1HLA3A7B8K7H54699<br>LH: *** None Stated *** | 114 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 4 | 1990 Toyota 02-5FD25<br>VIN # 5FD25-45436<br>LH: *** None Stated *** | 118 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 5 | 1990 Toyota 02-5FD25<br>VIN # 5FD25-45460<br>LH: *** None Stated *** | 119 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 6 | 1990 International Harvester<br>VIN # 1HTHBGBN6MH315507<br>LH: *** None Stated *** | 120 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 7 | 1990 EZ Loader Boat Trailer<br>VIN # 12E1BFW13LAB27728<br>LH: *** None Stated *** | 123 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 8 | 1991 Heil Tank Trailer<br>VIN # 1HLA3A7B0M7H55841<br>LH: *** None Stated *** | 124 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 9 | 1991 Heil Tank Trailer<br>VIN # 1HLA3A7B0M7H55842<br>LH: *** None Stated *** | 125 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |

# Mobil Oil Guam, Inc.

## Endorsement No. 1 - Schedule of Vehicles

### Policy No. 85-703110

| Item No. | Description | ME# | Coverages | Limits | Premium |
|---|---|---|---|---|---|
| 10 | 1991 GMC GW64<br>VIN # 3V2JCBJEXMR812471<br>LH: *** None Stated *** | 127 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 11 | 1992 Nisson Long Bed<br>VIN # JN6HD12S4NX420044<br>LH: *** None Stated *** | 131 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 12 | 0 Trailer 1820T (Sea Ark)<br>VIN # 42XBB1826NF00510<br>LH: *** None Stated *** | 133 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 13 | 1993 Volvo GM Truck<br>VIN # 4V1VDDJF5PN662955<br>LH: *** None Stated *** | 136 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 14 | 1993 Volvo GM Truck<br>VIN # 4V1VDBJF3PN662954<br>LH: *** None Stated *** | 137 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 15 | 1994 GMC ACK641B 6000 GAL<br>VIN # 4V2SCBJF7RR513704<br>LH: *** None Stated *** | 142 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 16 | 1994 Chevrolet CK20953<br>VIN # 1GCGK29K2RE278343<br>LH: *** None Stated *** | 143 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 17 | 1994 Wells Cargo TW 162<br>VIN # 1WC200G27R4020216<br>LH: *** None Stated *** | 144 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 18 | 1995 Ford E250 Cargo Van<br>VIN # 1FTHE24Y7SHA51404<br>LH: *** None Stated *** | 145 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |

# Mobil Oil Guam, Inc.

## Endorsement No. 1 - Schedule of Vehicles

### Policy No. 85-703110

| Item No. | Description | ME# | Coverages | Limits | Premium |
|---|---|---|---|---|---|
| 19 | 1995 GMC WCA64T<br>VIN # 4V1VDBPF7SN708866<br>LH: *** None Stated *** | 146 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 20 | 1995 GMC WCA64T<br>VIN # 4V1VDBPF9SN708867<br>LH: *** None Stated *** | 147 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 21 | 1996 Heil Trailer<br>VIN # 1HLA3A7B3T7J59814<br>LH: *** None Stated *** | 148 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 22 | 1991 Komastsu Diesel<br>VIN # 348621<br>LH: *** None Stated *** | 151 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 23 | 1989 Fruehauf Trailer<br>VIN # 1H4T04423K1029735<br>LH: *** None Stated *** | 153 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 24 | 1992 Toyota Hilux<br>VIN # JT4VN13D4N5078321<br>LH: *** None Stated ***<br>Lic # 348FSO | 157 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 25 | 1991 GMC Fleetside<br>VIN # 1GTDC14H7MZ524455<br>LH: *** None Stated ***<br>Lic # 1323FSO | 158 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 26 | 1989 Yale Forklift<br>VIN # GDP30TEJUAF12544<br>LH: *** None Stated *** | 164 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |

# Mobil Oil Guam, Inc.

## Endorsement No. 1 - Schedule of Vehicles

## Policy No. 85-703110

| Item No. | Description | ME# | Coverages | Limits | Premium |
|---|---|---|---|---|---|
| 27 | 1997 Toyota Tacoma<br>VIN # 4TANL42NXVZ261108<br>LH: *** None Stated *** | 165 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 28 | 1997 Toyota Tacoma<br>VIN # 4TANL42NXVZ306229<br>LH: *** None Stated *** | 168 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 29 | 1997 Toyota Tacoma<br>VIN # 4TANL42NXVZ306223<br>LH: *** None Stated *** | 169 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 30 | 1997 Chevrolet CL 10753<br>VIN # 1GCEK19M0VE124551<br>LH: *** None Stated *** | 170 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 31 | 1998 Volvo WCA64T<br>VIN # 4VGVDAPF1WN752902<br>LH: *** None Stated *** | 171 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 32 | 1998 Volvo WCA64T<br>VIN # 4VGVDAPF3WN752983<br>LH: *** None Stated *** | 172 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 33 | 1998 Toyota Pickup<br>VIN # 4TAVL52NOWZ054675<br>LH: *** None Stated *** | 173 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 34 | 1998 Toyota Sienna<br>VIN # 4T3ZF13C3WU001966<br>LH: *** None Stated *** | 175 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |
| 35 | 1997 ZIEMAN 1256 (A/H) Forklift<br>VIN # 1ZCT19B28VZP19776<br>LH: *** None Stated *** | 176 | D - Bodily Injury<br>E - Property Damage | $2,000,000<br>Combined Single Limit | |