CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Pacific Indemnity Insurance Company*

MAHER • YANZA • FLYNN • TIMBLIN, LLP
115 HESLER PLACE, GROUND FLOOR
GOVERNOR JOSEPH FLORES BUILDING
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-7059
FACSIMILE: (671) 472-5487

*Attorneys for Plaintiff*
*National Union Fire Insurance Company of Pittsburgh, PA.*



FILED
DISTRICT COURT OF GUAM
SEP 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC INDEMNITY INSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. CV06-00017 <br><br> (~~PROPOSED~~) SCHEDULING ORDER |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, the parties hereby submit the following Scheduling Order:

**The nature of the case is as follows:** This is a lawsuit involving a claim for declaratory judgment and damages. The lawsuit arises from an accident on February 10, 2005 in which a tanker truck owned by Mobil Oil Guam, Inc. ("Mobil") overturned on the road

ORIGINAL

leading to Umatac, resulting in a fire and the destruction of property. At the time of the accident, the tanker truck was being driven by John D. Querry, an employee of Ambyth Shipping and Trading, Inc. dba Ambyth Trucking ("Ambyth"), which provided drivers to Mobil under contract. Mobil and Ambyth were both insureds under policies issued by National Union Fire Insurance Company of Pittsburgh, PA. ("National Union") and Pacific Indemnity Insurance Company ("PacIndem").

The Amended Complaint sets forth three causes of action by National Union against PacIndem. Claim 1 seeks judgment declaring that National Union's policy is excess to PacIndem's policy, and damages for all of National Union's past and future expenses related to the accident. Claim 2 seeks damages under a theory of equitable subrogation based on the allegation that Mobil was an intended third party beneficiary of the PacIndem policy and that National Union is equitably subrogated to Mobil's third party beneficiary rights. Claim 3 seeks damages under a theory of third party beneficiary rights based on the allegation that National Union is an intended and express third party beneficiary under the PacIndem policy.

1. **The posture of the case is as follows:** Plaintiff filed its Complaint on June 26, 2006 naming John D. Query (the driver of the tanker truck), Ambyth (Query's employer) and PacIndem as defendants. Federal jurisdiction was asserted under 28 U.S.C. §1332 based on diversity and an alleged amount at issue of $257,420.70. On August 11, 2006 PacIndem filed a motion to dismiss under FRCP 12(b)(6) asserting among other things that Ambyth and Query were insureds under National Union's policy and that, in light of the anit-subrogation rule, the complaint failed to state a claim upon which relief could be granted. No hearing date on that motion has been scheduled. Plaintiff filed an amended complaint on September 1, 2006, dropping Query and Ambyth as defendants and naming only PacIndem as a defendant. Based on the filing of the amended complaint, PacIndem, pursuant to a stipulation, withdrew its motion to dismiss, reserving the right to challenge the amended complaint.

-2-

2. (a) **The following motions are on file:** PacIndem has filed a motion to dismiss under 12(b)(6). The filing of the amended complaint obviates the specific grounds for that motion and PacIndem has filed a stipulation withdrawing that motion.

3. (b) Discovery will conclude in accordance with the Joint Discovery Plan filed herewith.

4. All motions to add parties and claims shall be filed on or before **December 15, 2006**.

5. All motions to amend pleadings shall be filed on or before **January 16, 2007**.

6. **Adoption of Joint Discovery Plan:** The parties have executed a Joint Discovery Plan, which has been filed with the Court. The Joint Discovery Plan is adopted and incorporated herein.

7. The parties will appear before the District Court on for a Scheduling Conference on September 22, 2006, at 10:30 a.m.

8. The discovery cut-off date (defined as the last day to file responses to discovery) is **April 16, 2007**.

9. (a) The anticipated discovery motions are: The parties do not anticipate any discovery disputes.

Any discovery motions shall be filed by April 27, 2007. ~~within five days of the discovery cutoff date.~~

(b) Each side anticipates filing motions which will be dispositive as to one or more issues.

All dispositive motions shall be filed on or before **April 30, 2007**. ~~and heard on or before May 30, 2007~~.

10. **The prospects for settlement are:** Unknown, however, the parties are willing to participate in good faith in a settlement conference.

11. The Preliminary Pretrial Conference shall be held on September ~~8~~ 10, 2007, at _10:00_ _a_.m. This date is twenty-one (21) days before the trial date.

12. The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists shall be filed on or before **September ~~14~~ 17, 2007**. This date is fourteen (14) days before the trial date.

13. The Proposed Pretrial Order shall be filed or before **September ~~14~~ 17, 2007**. This date is fourteen (14) days before the trial date.

14. The Final Pretrial Conference shall be held on **September ~~21~~ 24, 2007**, at _10:00_ _a_.m. This date is seven (7) days before the trial.

15. The trial shall be held on ~~September 28, 2007~~ October 1, 2007 at **9:30 a.m.**, or at such later date as may be convenient for the Court. This date is less than eighteen (18) months following the filing of the Complaint.

16. The trial is a bench trial.

17. It is anticipated that it will take four (4) days to try this case.

18. The names of counsel on this case are:

    a. Michael D. Flynn, Jr., representing Plaintiff, National Union

    b. G. Patrick Civille, representing Defendant, PacIndem.

19. A settlement conference is requested.

20. The parties present the following suggestions for shortening trial: The case is in its early stages and the parties do not have any suggestions at this juncture.

21. The following issue will also affect the status or management of the case: An early decision on Claim 1 may help bring this case to an early resolution.

IT IS SO ORDERED this 22nd day of September, 2006.

_____
JOAQUIN V.E. MANIBUSAN, JR.
MAGISTRATE JUDGE

RECEIVED
SEP - 8 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

(PROPOSED) SCHEDULING ORDER
National Union Fire Insurance Company of Pittsburgh, PA. v. Pacific Indemnity Insurance Company; U.S. District Court of Guam, Civil Action No. CV06-00017

---

APPROVED AS TO FORM AND CONTENT:

MAHER • YANZA • FLYNN • TIMBLIN, LLP

By: _____
MICHAEL D. FLYNN, JR.
*Attorneys for Plaintiff*

Date: September 8, 2006

**CIVILLE & TANG, PLLC**

By: _____
G. PATRICK CIVILLE
*Attorneys for Defendant*
*Pacific Indemnity Insurance Company*

Date: September 8, 2006