Michael D. Flynn, Jr., Esq.
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

**FILED**
DISTRICT COURT OF GUAM
DEC 15 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC INDEMNITY INSURANCE COMPANY, <br><br> Defendant. | CIVIL CASE NO. 06-00017 <br><br> STIPULATION RE: PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR REIMBURSEMENT |

COMES NOW Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union"), through counsel MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Michael D. Flynn, Jr., Esq., and Defendant Pacific Indemnity Insurance Company, through counsel, CIVILLE & TANG, PLLC, by G. Patrick Civille, Esq., and, following upon discussion amongst the parties and the Court at the September 22, 2006 Scheduling Conference, hereby stipulate and agree, <u>dependent upon court approval</u>, to Plaintiff National Union filing its Second Amended Complaint for Declaratory Relief and for Reimbursement ("Second Amended Complaint"), a copy (without exhibits) of which

-1-

ORIGINAL

proposed Second Amended Complaint, is attached hereto as Exhibit "1" and incorporated herein by reference.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Plaintiff
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**

Dated: December 7, 2006          By: _____
                                  MICHAEL D. FLYNN, JR., ESQ.

**CIVILLE & TANG, PLLC**
Attorneys for Defendant
**PACIFIC INDEMNITY INSURANCE COMPANY**

Dated: 12/15/06                   By: _____
                                  G. PATRICK CIVILLE, ESQ.

Michael D. Flynn, Jr., Esq.
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC INDEMNITY INSURANCE COMPANY and AMBYTH SHIPPING AND TRADING, INC. dba AMBYTH TRUCKING, <br><br> Defendants. | CIVIL CASE NO. 06-00017 <br><br> SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR REIMBURSEMENT |

Plaintiff **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.** ("National Union"), through counsel, MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Michael D. Flynn, Jr., Esq., pursuant to FRCP Rule 15(a) and written consent of the adverse party, Pacific Indemnity Insurance Company, hereby amends its First Amended Complaint for Declaratory Relief and for Reimbursement, filed herein on September 1, 2006, and alleges as follows:

1. Plaintiff National Union is an insurance company, domiciled in Pennsylvania, with its principal place of business in New York, and is licensed to do business in Guam.

2. Defendant PACIFIC INDEMNITY INSURANCE COMPANY ("Pacific Indemnity") is an insurance company, domiciled in Guam, with its principal place of business in Guam, doing business in Guam.

3. Defendant AMBYTH SHIPPING AND TRADING, INC., DBA AMBYTH TRUCKING ("Ambyth") is a corporation, organized pursuant to the laws of Guam, domiciled in Guam, with its principal place of business in Guam, and which, at all times relevant to this complaint, transacted business within Guam.

## JURISDICTION

4. This court has personal jurisdiction over Plaintiff.

5. This court has personal jurisdiction over Defendant Ambyth and Pacific Indemnity.

6. This court has subject matter jurisdiction of Plaintiff's claims, on the basis of diversity, pursuant to 28 U.S.C. §1332, saving to Plaintiff all other remedies to which it is otherwise entitled.

7. An amount of at least $262,009.83 to date is claimed by Plaintiff and is, therefore, at issue.

## FACTS

8. Mobil Oil Guam, Inc. ("Mobil") is a corporation, organized pursuant to the laws of Guam, domiciled in Guam, with its principal place of business in Guam, and which, at all times relevant to this complaint, transacted business within Guam.

9. Ambyth, at all times relevant in this Complaint, was engaged in the business of providing cargo handling and trucking services on the island of Guam.

10. Mobil, at all times relevant in this Complaint, was engaged in the business of the sale and distribution of petroleum products on the island of Guam.

11. John D. Querry ("Querry"), at all times relevant in this Complaint, was an employee of Ambyth, hired and employed to drive trucks for Ambyth.

12. On or about September 29, 2004, Ambyth and Mobil entered into a Transportation Services Agreement, covering bulk fuel hauling, which Transportation Services Agreement was made effective on October 1, 2004 and extended to March 31, 2005. A true and correct copy of the Transportation Services Agreement is attached hereto, as Exhibit 1, and incorporated by reference herein.

13. Under the Transportation Services Agreement, Exhibit A, Scope of Works, Section 1, Ambyth, as an independent contractor, agrees to provide Mobil with manpower services, while using designated Mobil-owned bulk fuel tanker trucks, to transport and deliver Mobil bulk fuel products, on behalf of Mobil, to and from certain Mobil designated locations on Guam.

14. Under the Transportation Services Agreement, Exhibit A, Scope of Works, Section 3, Article 3.4, Ambyth agrees to be solely responsible to ensure all vehicles used in providing bulk fuel transportation services for Mobil are safe and meet all legal requirements.

15. Under the Transportation Services Agreement, Exhibit A, Scope of Works, Attachment 10, Alcohol and Drug Use Policy, Ambyth is obligated to ensure that Querry does not perform any services for Mobil, including, but not limited to, driving Mobil trucks and transporting Mobil bulk fuel products, while he is under the influence of a controlled substance.

3
Case 1:06-cv-00017   Document 33   Filed 12/15/2006   Page 5 of 14

16. On or about February 10, 2005, Querry was operating a 1994 GMC bulk fuel tanker truck, with VIN # 4V2SCBJF7RR513704 (the "Tanker Truck"), which Tanker Truck Ambyth and Querry were using to transport approximately 5,000 gallons of diesel fuel and 1,000 gallons of gasoline to and from certain Mobil designated locations on Guam.

17. While operating the Tanker Truck, Querry was acting within the course and scope of his employment with Ambyth. More particularly, Querry was under instructions from Ambyth to transport and deliver Mobil bulk fuel products, in accordance with the Transportation Services Agreement.

18. At approximately 11:10 p.m., while operating the Tanker Truck on Route 2, San Dionisio Drive, Umatac, Querry caused the Tanker Truck to collide with a utility pole, overturn, damage various property, and spill 6,000 gallons of fuel, which fuel then burst into flame, damaged property, and caused bodily injury (the "Tanker Truck Accident"). A true and correct copy of the Guam Police Department Traffic Accident Report concerning the Tanker Truck Accident is attached hereto, as Exhibit 2, and incorporated by reference herein.

19. At all relevant times herein, Querry failed to use due care in the operation of the Tanker Truck, and otherwise failed to operate the Tanker Truck in a careful and prudent manner. Querry failed to properly apply and use the Tanker Truck's gears and brakes. Querry was driving recklessly and driving under the influence of a controlled substance, i.e., an amphetamine-based substance. A true and correct copy of the curriculum vitae and expert report of David R. Axup, who opines gross driver error on the part of Querry, is attached hereto, as Exhibit 3, and incorporated by reference herein.

20. In operating the Tanker Truck in the above-described manner, Querry violated 16 GCA § 18102(a), 16 GCA § 9107(a), and other laws of Guam. A true and correct copy of the criminal complaint filed in the Superior Court of Guam, and presently being pursued, against Querry is attached hereto, as Exhibit 4, and incorporated by reference herein.

21. Querry's actions, including, but not limited to, his negligence, his gross negligence, his willful conduct, and his breach of Guam statutes, were the direct and proximate cause of bodily injury and property damage to various third party claimants who made claims for damages against Mobil and Plaintiff National Union.

22. Under the Transportation Services Agreement and the doctrine of *Respondeat Superior*, Ambyth is liable for any and all bodily injury and property damage, and damages claims, resulting from Querry's actions in connection with the Tanker Truck Accident.

23. Under Article 14.1 of the Transportation Services Agreement, Ambyth agrees to carry and maintain automobile liability insurance covering owned, non-owned and rented automotive equipment used in transporting Mobil bulk fuel products, with policy limits of $1,000,000 coverage for injury or property damage resulting from each accident.

24. Under Article 14.1 of the Transportation Services Agreement, Ambyth further agrees that Mobil shall be covered as an additional insured under said automobile liability insurance and that said insurance, for the Tanker Truck, shall be primary as to all other insurance that may provide Mobil and Ambyth with coverage.

25. Defendant Pacific Indemnity issued Ambyth Commercial Auto Insurance Policy Number LBA11100644, covering the Tanker Truck Accident and providing automobile liability insurance coverage, in the amount of $1,000,000.00, for Ambyth

and Mobil (the "Pacific Indemnity Policy"). A true and correct copy of the Pacific Indemnity Policy is attached hereto, as Exhibit 5, and incorporated by reference herein.

26. The Transportation Services Agreement is an "insured contract", pursuant to Section V (G)(5) of the Pacific Indemnity Policy, and, pursuant to Section IV (B)(5)(c) of the Pacific Indemnity Policy, Defendant Pacific Indemnity's liability insurance coverage is primary as to all other insurance that may provide Mobil and Ambyth with coverage.

27. Plaintiff National Union issued Mobil Foreign Automobile Policy Number 85-703110, covering the Tanker Truck for accidents during the period January 1, 2005 to January 1, 2006 (the "National Union Policy"), providing automobile liability insurance coverage to Mobil. A true and correct copy of the National Union Policy is attached hereto, as Exhibit 6, and incorporated by reference herein.

28. The National Union Policy is secondary, i.e., "excess", of the primary coverage provided by the Pacific Indemnity Policy to Ambyth and Mobil.

29. With respect to loss resulting from Mobil liability, if any, for the Tanker Truck Accident, Plaintiff National Union and Defendant Pacific Indemnity agreed that Plaintiff National Union would pay for two-thirds (2/3) of Mobil caused loss and Defendant Pacific Indemnity would pay for one third (1/3) of Mobil caused loss. Defendant Pacific Indemnity refused to pay for any loss attributed to Ambyth's liability for the Tanker Truck Accident. A true and correct copy of the correspondence between National Union and Defendant Pacific Indemnity concerning allocation of loss for Mobil liability, if any, and Defendant Pacific Indemnity's refusal to pay for loss attributed to Ambyth's liability, is attached hereto, as Exhibit 7, and incorporated by reference herein.

30. Ambyth is liable for all damages, demands or claims arising from the Tanker Truck Accident.

31. Mobil was, and is, not liable for any claims, demands or damages in connection with the Tanker Truck Accident.

32. Plaintiff National Union has negotiated reasonable settlements, discharging the liability of all potential joint tortfeasors, with respect to almost every claim made by third party claimants, in connection with the Tanker Truck Accident. A true and correct copy of the signed Releases of All Claims to date are attached hereto, as Exhibit 8, and incorporated by reference herein.

33. To date, under the National Union Policy, Plaintiff National Union has paid out $366,165.61 to, or on behalf of, third party claimants, in connection with the Tanker Truck Accident. Defendant Pacific Indemnity has reimbursed Plaintiff National Union in the amount of $121,404.07, pursuant to the 2/3 to 1/3 formula, leaving a balance of $244,761.54 owed.

34. To date, Plaintiff National Union has incurred $18,547.29 in expenses, in connection with the Tanker Truck Accident. Defendant Pacific Indemnity has reimbursed Plaintiff National Union in the amount of $1,299.00, pursuant to the 2/3 to 1/3 formula, leaving a balance of $17,248.29 owed.

35. Plaintiff National Union is entitled to damages for all unreimbursed past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident.

## CLAIMS FOR RELIEF

### CLAIM 1: ACTION FOR DECLARATORY JUDGMENT AND DAMAGES

36. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

37. A controversy has arisen between Plaintiff National Union and Defendant Pacific Indemnity over whether Pacific Indemnity's obligation, under the Pacific Indemnity Policy, was primary as to Ambyth's liability for the Tanker Truck Accident.

38. Plaintiff National Union and Defendant Pacific Indemnity agreed to settle claims against Mobil and Ambyth and each party reserved its right to litigate the question of indemnity and the relative fault of Mobil and Ambyth.

39. Plaintiff National Union is entitled to an order declaring that the coverage provided by the National Union Policy is excess over the coverage provided by the Pacific Indemnity Policy.

40. Plaintiff National Union is entitled to an order declaring that Defendant Pacific Indemnity must reimburse Plaintiff National Union for all of National Union's past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, up to the $1,000,000.00 coverage provided by the Pacific Indemnity Policy.

41. Plaintiff National Union is entitled to judgment against Defendant Pacific Indemnity for the total amount of National Union's past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, up to $1,000,000.00.

### CLAIM 2: EQUITABLE SUBROGATION CLAIM FOR DAMAGES

42. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

43. Mobil, as an additional insured, is an intended and express third-party beneficiary to the Pacific Indemnity Policy.

44.     By failing to act as the primary insurer as to the claims which arose from the Tanker Truck Accident, Defendant Pacific Indemnity breached the terms of its insurance agreement with its insured and intended third-party beneficiary, Mobil, under the Pacific Indemnity Policy.

45.     By reason of Plaintiff National Union's payments made to, or on behalf of, third-party claimants as the result of Defendant Pacific Indemnity's failure to act as primary insurer with respect to claims, loss and expense from the Tanker Truck Accident, Plaintiff National Union is equitably subrogated to Mobil's third-party beneficiary rights, under the Pacific Indemnity Policy, for claims, loss and expenses paid, up to $1,000,000.00.

46.     By virtue of equitable subrogation, Plaintiff National Union is entitled to an order declaring that Defendant Pacific Indemnity must reimburse Plaintiff National Union for all of National Union's past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, with respect to expenses incurred and payments made up to the $1,000,000.00 coverage provided by the Pacific Indemnity Policy.

47.     Plaintiff National Union is entitled to judgment against Defendant Pacific Indemnity for the total amount of National Union's past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, up to $1,000,000.00.

**CLAIM 3:  THIRD PARTY BENEFICIARY CLAIM AGAINST PACIFIC INDEMNITY**

48.     Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs.

49.     By virtue of Sections IV(B)(5)(c) and V(G)(5) of the Pacific Indemnity Policy, Plaintiff National Union is an intended and express third party beneficiary of

Ambyth and Defendant Pacific Indemnity's agreement that Pacific Indemnity's coverage is primary as to all other insurance.

50. By reason of its status as an intended and express third party beneficiary, Plaintiff National Union is entitled to an order declaring that Defendant Pacific Indemnity must reimburse Plaintiff National Union for all of National Union's past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, with respect to expenses incurred and payments made up to the $1,000,000.00 coverage provided by the Pacific Indemnity Policy.

51. Plaintiff National Union is entitled to judgment against Defendant Pacific Indemnity for the total amount of National Union's past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, up to $1,000,000.00.

**CLAIM 4: THIRD PARTY BENEFICIARY CLAIM AGAINST AMBYTH**

52. Plaintiff National Union repeats and realleges, and incorporates herein by reference, each and every allegation in the preceding paragraphs, 1-35, with the exception of those allegations in paragraphs 26 and 28.

53. By virtue of the provisions of Article 14.1 of the Transportation Services Agreement, Plaintiff National Union is an intended and express third party beneficiary of the Transportation Services Agreement.

54. The Pacific Indemnity Policy, while covering Mobil as an additional insured, does not provide primary insurance coverage to Mobil as to all other automobile liability insurance that Mobil has on the Tanker Truck.

55. Defendant Ambyth breached its obligation to Plaintiff Union, as a primary, intended and express third party (donee) beneficiary under the

Transportation Services Agreement, by failing to cover Mobil and Defendant Ambyth, on the Tanker Truck, with liability insurance that was primary as to the National Union Policy.

56. As a direct and proximate result of Defendant Ambyth's breach of its third party beneficiary duties to Plaintiff National Union, Plaintiff National Union suffered, and will continue to suffer, injury and damages from payments made to third party claimants and from costs and expenses in addressing the third party claims arising from the Tanker Truck Accident.

57. Plaintiff National Union is entitled to judgment against Defendant Ambyth for the total amount of past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, up to $1,000,000.00.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff National Union requests:

A. Issuance of a Judgment against Defendant Pacific Indemnity, as follows:

    1. A declaration that the coverage provided by the National Union Policy is excess over the coverage provided by the Pacific Indemnity Policy;

    2. A declaration that Defendant Pacific Indemnity must reimburse Plaintiff National Union for all of National Union's past and future expenses incurred, and all past and future payments made, as a result of the Tanker Truck Accident, with respect to expenses incurred and payments made up to the $1,000,000.00 coverage provided by the Pacific Indemnity Policy;

    3. Damages of $262,009.83, to date;

11
Case 1:06-cv-00017 Document 33 Filed 12/15/2006 Page 13 of 14

4. Additional damages, in an amount that is yet to be ascertained;
5. Costs of suit;
6. Pre-judgment and post-judgment interest; and
7. Such other and further relief as is deemed lawful, just, or equitable under the circumstances.

B. In the alternative, issuance of a Judgment against Defendant Ambyth, as follows:

1. Damages of $262,009.83, to date;
2. Additional damages, in an amount that is yet to be ascertained;
3. Costs of suit;
4. Pre-judgment and post-judgment interest; and
5. Such other and further relief as is deemed lawful, just, or equitable under the circumstances.

Dated this _____ day of December, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Plaintiff
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**


BY: _____
**MICHAEL D. FLYNN, JR., ESQ.**