# SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR REIMBURSEMENT

# EXHIBIT "7"

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. vs. PACIFIC INDEMNITY INSURANCE COMPANY and AMBYTH SHIPPING AND TRADING , INC. dba AMBYTH TRUCKING; U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 06-00017



# GIA

**GUAM INSURANCE ADJUSTERS, INC.**
1ST Floor, Bldg. A, Ada's Plaza Center
173 Aspinall Avenue, Hagatna
P.O. Box 822, Hagatna, Guam 96932
671.472.6288
671.472.2707 Fax

VIA FACSIMILE (671) 477-8801

April 27, 2005

Mr. Robert Greenwell
Vice President, Claims
Pacific Indemnity Insurance Co.
348 West O'Brien Drive
Hagatna, Guam 96910

Re:   Tanker Truck Incident
      Our File No.: 05-01-50264
      Our Policy No. 85-703110
      Your Policy No.: LBA11100644
      Date of Loss:  February 10, 2005

Dear Mr. Greenwell:

Following up on our telephone discussion, this letter confirms the respective responsibilities and agreement of Pacific Indemnity Insurance Co. ("PIIC") and National Union Fire Insurance Company ("National Union") to Mobil Oil Guam, Inc. ("Mobil") with respect to liability arising from the February 10, 2005 incident in Umatac involving the Mobil truck operated by an Ambyth Shipping & Trading Inc. ("Ambyth") driver.

PIIC Commercial Automobile Liability Policy Number LBA11100644 and the October 1, 2004 Transportation Services Agreement between Mobil and Ambyth establish that PIIC is a primary insurer with respect to Mobil liability, if any, arising from the Accident.  Your facsimile transmittal of April 14, 2005 to Mr. Johnson acknowledges that Mobil is an additional insured under the PIIC Policy.  Under National Union Foreign Automobile Policy No. 85-703110 National Union is also a Mobil primary insurer for Mobil's liability, if any, arising from the Accident.

The PIIC Policy and the National Union Policy provide that each insurer is liable for its proportionate share of loss over all collectible insurance.  The PIIC Policy provides $1,000,000 in coverage.  The National Union Policy provides $2,000,000 in coverage.  As such, assuming no other applicable insurance, with respect to Mobil liability concerning the Accident, National Union's share of loss is two-thirds (2/3) and PIIC's is one-third (1/3).

To date several claimants have approached National Union's claims adjusters, i.e., Guam Insurance Adjusters, Inc. ("GIA"), and have requested National Union to address their claims. Recognizing that reasonable and early settlement will be beneficial to Mobil, Ambyth, PIIC, and National Union, this letter confirms that GIA and PIIC have agreed to immediately begin, and cooperate in, the process of adjusting and settling Accident-related claims by

**AIG**   A Member Of American International Group, Inc.



# GIA



**GUAM INSURANCE ADJUSTERS, INC.**
1ˢᵀ Floor, Bldg. A, Ada's Plaza Center
173 Aspinall Avenue, Hagatna
P.O. Box 822, Hagatna, Guam 96932
671.472.6288
671.472.2707 Fax

sharing information concerning such claims, and working together to settle the claims.

This office forwarded you a list of claimants known to us to date yesterday. We will be contacting the claimants to arrange a meeting with them to find out more information regarding their claims. We will advise you of each appointment date and time shortly.

National Union will make all necessary payments in advance to claimants to avoid any delay in resolving claims, however, National Union would require reimbursement of PIIC's 1/3 share on each indemnity payment issued within a week upon receipt of a full or partial release signed by claimant(s).

In addition to all of the above, since GIA will be taking the lead on this matter and conducting all investigation, GIA's adjuster's fees and costs would also require reimbursement from PIIC up to its 1/3 share. GIA's adjuster's fees and costs will be billed on a monthly basis and will become due one week upon PIIC's receipt.

Please respond in writing confirming that PIIC is in agreement with all of the aforementioned.

Respectfully yours,

Anita Fisher

cc: Mobil Oil Guam Inc.
Dick Johnson

**AIG** A Member Of American International Group, Inc.



**PACIFIC INDEMNITY INSURANCE COMPANY**

Robert Greenwell
Vice President, Claims
348 West O'brien Drive
Hagåtña, Guam 96910
Tel: (671) 477-8801
Fax: (671) 477-6290

# facsimile transmittal

**RECEIVED**

APR 27 2005

GUAM INSURANCE
ADJUSTERS

| | | | |
|---|---|---|---|
| **To:** GIA | | **Fax:** | 472-2707 |
| **Attn:** Anita Fisher | | **Date:** | 04/27/05 |
| **Cc:** Richard Johnson, Attorney at Law | | | |
| **From:** Robert Greenwell | | **Pages:** 1 | |
| **Re:** Tanker Truck Incident, Your File No. 05-01-50264 | | | |

Anita,

This will acknowledge and confirm the contents of your fax of 04/27/05. We are in agreement with the terms set forth. John Matthews will be in Saipan today and tomorrow. Hopefully he can meet with you Friday, to share the details of our respective files, hopefully to facilitate early settlements.

We also agree to paying ⅓ of your adjusting fees as per your letter. It is a small matter, but please delete anytime spent on attempting to tender this to us as it is not a part of adjusting and settling the claims.

I look forward to working with you on this matter.

Regards,

Robert Greenwell
Vice President, Claims

348 West O'Brien Drive  Hagatna, Guam 96910  Tel: (671)477-8801   Fax: (671)477-6290

**GUAM INSURANCE ADJUSTERS, INC.**
1ST Floor, Bldg. A, Ada's Plaza Center
173 Aspinall Avenue, Hagatna
P.O. Box 822, Hagatna, Guam 96932
671.472.6288
671.472.2707 Fax

May 5, 2005

Mr. Robert Greenwell
Vice President, Claims
Pacific Indemnity Insurance Co.
348 West O'Brien Drive
Hagatna, Guam 96910

Re:  Mobil Oil Guam, Inc./Ambyth
     Our File No.:  05-01-50264
     Date of Loss:  February 10, 2005

Dear Mr. Greenwell:

This letter will confirm the position of National Union Fire Insurance Company of Pittsburgh, P.A., ("National Union") with respect to the allocation of fault between Mobil Oil Guam, Inc. ("Mobil") and Ambyth Shipping & Trading Inc. ("Ambyth"), in connection with the February 10, 2005 tanker truck incident in Umatac.

In previous correspondence, Pacific Indemnity Insurance Co. ("PIIC") and National Union agreed that, with respect to Mobil's liability, if any, National Union's share of loss is two-thirds (2/3) and PIIC's is one-third (1/3).

National Union has raised the prospect of negotiating third party claims against Mobil and Ambyth that takes into account the allocation of fault between Mobil and Ambyth. PIIC, however, takes the position that further investigation is needed, on PIIC's part, before an allocation of fault between Mobil and Ambyth can be made. PIIC can offer no assurances as to the progress of PIIC's investigation or when its investigation will be completed. PIIC has indicated that fault lies with the Mobil vehicle.

National Union's position is that, in the best interest of Mobil, Ambyth, PIIC and National Union, third party claims should be settled. As such, although National Union has determined to pay out a portion of certain accident-related claims to third party claimants, National Union reserves all of its rights in connection with pursuing claims of contribution and indemnity against PIIC and Ambyth for each and every payment National Union makes to third party claimants.

Very truly yours,

Anita Fisher

CC: David Ledger, Esq.

AIG



**PACIFIC
INDEMNITY
INSURANCE
COMPANY**

May 6, 2005

RECEIVED

MAY 06 2005

⸱⸱⸱ INSURANCE
ADJUSTERS

Anita Fisher
Guam Insurance Adjusters, Inc.
1st Floor, Bldg. A, Ada's Plaza Center
P.O. Box 822, Hagatna, Guam 96932

             RE:    Trailer Truck Incident
                   Your File No. 05-01-50264
                   Your Policy No. 85-703110
                   Our Policy No. LBA11100644
                   Date of Loss: February 10, 2005.

Dear Ms. Fisher:

Your letter of April 27, 2005, set forth an unqualified offer to settle the referenced matter between our respective companies on the basis of a one-third (1/3) contribution by PIIC and a two-thirds (2/3) contribution on the part of National Union toward settlement of third party claims. Your letter and my fax-transmitted written acceptance on behalf of PIIC, also dated April 27, 2005, constitute an enforceable contract. This agreement is a reasonable and responsible compromise that will serve all concerned and avoid the expense of unnecessary and protracted litigation.

At the time of our meeting on May 4, 2005, you raised for the first time the possibility that National Union might wish to litigate issues of contribution and indemnity against Ambyth and PIIC. Your letter of May 5, 2005, reiterates this stance and also seeks to reserve National Union's rights in this regard. These statements conflict with the clear written agreement reached between us. Regrettably, these statements leave us no alternative but to reserve the rights of Ambyth and PIIC to defend their position should litigation ensue.

PIIC wants to see the agreement performed as soon as possible in accordance with the proportional payment agreed upon. I look forward to hearing from you.

Best Regards,

Robert Greenwell
Vice President, Claims



**GIA**

GUAM INSURANCE ADJUSTERS, INC.
1ST Floor, Bldg. A, Ada Plaza Center
173 Aspinall Avenue, Hagatna
P.O. Box 822, Hagatna, Guam 96932
671.472.6288
671.472.2707 Fax

May 9, 2005

<u>***VIA FACSIMILE***</u>

Mr. Robert Greenwell
Vice-President, Claims
Pacific Indemnity Insurance Company
348 O' Brien Drive
Hagatna, Guam 96932

*Re:*   *Our File No.*    :   *05-01-50264*
         *Insured*        :   *Mobil Oil Guam, Inc.*
         *Date of Loss*   :   *February 10, 2005*

Dear Mr. Greenwell:

I received your letter of May 6, 2005. My April 27, 2005 letter does not "set forth an unqualified offer to settle the referenced matter...on the basis of a one-third (1/3) contribution by PIIC and a two-thirds (2/3) contribution on the part of National Union toward settlement of third party claims." Rather, my letter of April 27 makes clear that, "with respect to Mobil liability concerning the Accident, National Union's share of loss is two-thirds (2/3) and PIIC's is one-third (1/3)." Throughout my April 27 letter, reference is made only to National Union and PIIC coverage for <u>Mobil liability, if any.</u> My April 27 letter makes absolutely no reference to a compromise or settlement of Ambyth liability, nor does it state an agreement to undertake PIIC's duty to cover Ambyth under the PIIC policy.

John Matthews' March 31, 2005 letter to Richard Johnson of Klemm, Blair, Sterling, & Johnson states that PIIC is "still in the process of collecting information regarding the cause of this accident" and declines Mobil's tender. Mr. Johnson's April 8, 2005 response offers Mobil assistance, in any way possible, with respect to further investigation of the Accident and inspection of the vehicle. PIIC never responded to Mobil's offer.

Although National Union has made clear that it presently stands ready to negotiate the issue and allocation of Ambyth fault, you have made clear that PIIC refuses to compromise or settle the allocation of Ambyth fault until PIIC completes an investigation of the matter. National Union and PIIC have reached an agreement on the share of loss for Mobil liability, if any. We have not, however, reached an agreement concerning the allocation of loss for Ambyth liability. Responsibility for covering loss due to Ambyth's fault remains with PIIC under the PIIC policy.

Very truly yours,

Anita Fisher

CC:    David Ledger, Esq.
       Richard L. Johnson, Esq.

**AIG**
A Member Of American International Group, Inc.



Robert Greenwell   MAY 1 1 2005
Vice President, Claims   GUAM INSURANCE
348 West O'brien Drive
Hagåtña, Guam 96910   ADJUSTERS
Tel: (671) 477-8801
Fax: (671) 477-6290

PACIFIC
INDEMNITY
INSURANCE
COMPANY

# facsimile transmittal

| | | | |
|---|---|---|---|
| **To:** | Guam Insurance Adjusters | **Fax:** | 472-2707 |
| **Attn:** | Anita Fisher | **Date:** | 05/11/05 |
| **From:** | Robert Greenwell | **Pages:** | 1 |
| **Re:** | Mobil Oil Co. | | |

Anita,

I acknowledge receipt of your fax of 05/09/05. Why don't we get these claims settled per the agreement we have of 2/3-1/3 split and resolve this afterward?

We have both stated our position. Lets move forward with the claims.

Regards,

Robert Greenwell
Vice President, Claims

348 West O'Brien Drive  Hagatna, Guam 96910  Tel: (671)477-8801   Fax: (671)477-6290

# SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR REIMBURSEMENT

# EXHIBIT "8"

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA. vs.
PACIFIC INDEMNITY INSURANCE COMPANY
and AMBYTH SHIPPING AND TRADING , INC.
dba AMBYTH TRUCKING; U.S. DISTRICT
COURT OF GUAM, CIVIL CASE NO. 06-00017

# RELEASE OF ALL CLAIMS

**KNOW ALL MEN BY THESE PRESENTS:**

That for and in consideration of the sum of $112,000.00 in lawful money of the United States paid to Jesse Q. Gofigan and Terry T. Gofigan (hereinafter referred to as "Releasor"), receipt of which is hereby acknowledged, Releasor does by these presents remise, release, relinquish, acquit and forever discharge all persons and entities, specifically including, but not limited to, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., MOBIL OIL GUAM, INC., PACIFIC INDEMNIFY INSURANCE COMPANY, AMBYTH SHIPPING & TRADING, INC.: DBA, AMBYTH TRUCKING; DBA, AMBYTH LOGISTICS AMBYTH TRUCKING, INC., and JOHN D. QUERRY (hereinafter referred to as "Releasees"), their respective parent entities, predecessors, successors, assigns, affiliates, directors, officers, principals, agents, current and former employees, shareholders, subsidiaries, holding companies and attorneys, agents, servants, officers, employees, and each of them, and all other persons, firms, corporations, insurers, associations or partnerships, from all claims, rights, liabilities, suits, debts, liens, actions and causes of action, of every kind and nature whatsoever, both past and future, at law and in equity, known and unknown, suspected and unsuspected, disclosed and undisclosed, which the said Releasor shall or may have against Releasees, or any persons, firms, corporations, insurers, associations or partnerships by reason of or arising from that certain alleged motor vehicle accident that occurred on or about February 10, 2005, at approximately 11:10 p.m., on Route 2, North San Dionisio Dr., near George Sanchez Street, Umatac, Guam (the "Accident").

In further consideration of the payment made herein, the undersigned Releasor

Initials: *T.T.G. J.Q.G.*

does hereby knowingly, voluntarily, and expressly waives the benefits of the provisions of 18 G.C.A. §82602 (Section 1542 of the Civil Code of Guam), which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The undersigned Releasor further declares and represents that this Release of All Claims expresses a full and complete settlement of a liability claimed and denied, and that regardless of the adequacy of the compensation, this Release of All Claims is intended to avoid litigation, and that there is absolutely no promise, inducement or agreement on the part of Releasees to make any payment or do any act or thing other than what is expressly stated and clearly agreed to herein, and that this Release of All Claims contains the entire agreement between the parties hereto, and that the terms of this Release of All Claims are contractual and not a mere recital.

Releasor understands and expressly warrants and represents that, by entering into and executing this Release of All Claims, **he/she** will undertake to satisfy or compromise all liens or other claims of any nature whatsoever asserted by any person or entity against Releasor or Releasees with respect to the Accident or against the proceeds of the settlement, or that **he/she** has already done so, and that **he/she** will indemnify and hold Releasees, and their respective attorneys of record harmless with respect to any such claims. Such possible claims include, but are not limited to, any claims asserted by any creditor, insurance carrier, hospital, clinic or other medical facility, federal or local, or other entity that has made payment to Releasor in connection with said incident or Releasor's claim, by any assignee or by any attorney who has formerly represented, or who purports to have formerly represented Releasor.

Initials: *T.T.G. J.G.*

- 2 -

Releasor expressly undertakes, warrants and represents that he/she will indemnify Releasees and their respective attorneys of record for any and all liabilities incurred, including reasonable attorneys' fees, should any representation or warranty Releasor makes in this Release of All Claims prove to be false, or should Releasor at any time repudiate or attempt to repudiate this Release of All Claims or any of its terms, or the settlement it is intended to document.

Releasor further agrees to indemnify, defend and hold harmless Releasees, their respective parent entities, predecessors, successors, assigns, affiliates, directors, officers, principals, agents, current and former employees, shareholders, subsidiaries, holding companies and attorneys, agents, servants, officers, employees, and each of them, and all other persons, firms, corporations, insurers, associations or partnerships, having any interest in or in any way connected with said Releasees from and against any and all loss, liability, and expense of whatsoever kind or nature, including attorneys' fees, which may arise from the assertion by Releasor of any claim against anyone arising out of the above-indicated Accident.

Payment of the sum herein mentioned is made by Releasees in compromise of a disputed claim between the parties and is intended to extinguish all rights and liabilities concerning such claim. Payment is not to be construed as an admission of liability by Releasees or anyone else.

This Release of All Claims and the terms embodied herein are confidential and are intended to remain confidential following execution and may never be deemed to constitute a precedent or past practice by any person or entity. Releasor agrees that he/she will not publicize this matter in any manner, written or oral, nor discuss the specifics of the settlement discussions with persons without a legitimate need to know.

Initials: *T.T.G, J.Q.G.*

- 3 -

The undersigned Releasor hereby declares that **he/she** has read the foregoing Release of All Claims, that **he/she** fully understands and appreciates the meaning thereof, and that **he/she** has executed the same of **his/her** own free will and accord.

This Release of All Claims consists of _____ (_____) pages, each of which has been initialed by Releasor at the lower left corner, and a copy of this Release of All Claims has been retained by Releasor.

Dated this _____ day of _____, 2005.

_____
Jesse Q. Gofigan

The undersigned Releasor hereby declares that **he/she** has read the foregoing Release of All Claims, that **he/she** fully understands and appreciates the meaning thereof, and that **he/she** has executed the same of **his/her** own free will and accord.

This Release of All Claims consists of _____ (_____) pages, each of which has been initialed by Releasor at the lower left corner, and a copy of this Release of All Claims has been retained by Releasor.

Dated this _____ day of _____, 2005.

_____
Terry T. Gofigan

Initials: T.T.G. JQG.

- 4 -

GUAM, )
City of _Hagatna_ ) ss:
)

On this _9th_ day of _June_____, 2005, before me a Notary Public of Guam, USA, personally appeared _Jesse Q. Gorigan_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal the date last above written.

_____
NOTARY PUBLIC

> **EILEEN M. BABAUTA**
> **NOTARY PUBLIC**
> In and for Guam U.S.A.
> My Commission Expires: Oct.7, 2007
> P. O. Box 822 Hagatna, Guam 96932

GUAM, )
City of _Hagatna_ ) ss:
)

On this _9th_ day of _June_____, 2005, before me a Notary Public of Guam, USA, personally appeared _Terry T. Gorigan_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal the date last above written.

_____
NOTARY PUBLIC

> **EILEEN M. BABAUTA**
> **NOTARY PUBLIC**
> In and for Guam U.S.A.
> My Commission Expires: Oct.7, 2007
> P. O. Box 822 Hagatna, Guam 96932

Initials: _T.T.G. JQG._ - 5 -

# RELEASE OF ALL CLAIMS

KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of the sum of $5,000.00 in lawful money of the United States paid to Jesse Q. Gofigan and Terry T. Gofigan (hereinafter referred to as "Releasor"), receipt of which is hereby acknowledged, Releasor does by these presents remise, release, relinquish, acquit and forever discharge all persons and entities, specifically including, but not limited to, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., MOBIL OIL GUAM, INC., PACIFIC INDEMNIFY INSURANCE COMPANY, AMBYTH SHIPPING & TRADING, INC.: DBA, AMBYTH TRUCKING; DBA, AMBYTH LOGISTICS AMBYTH TRUCKING, INC., and JOHN D. QUERRY (hereinafter referred to as "Releasees"), their respective parent entities, predecessors, successors, assigns, affiliates, directors, officers, principals, agents, current and former employees, shareholders, subsidiaries, holding companies and attorneys, agents, servants, officers, employees, and each of them, and all other persons, firms, corporations, insurers, associations or partnerships, from all claims, rights, liabilities, suits, debts, liens, actions and causes of action, of every kind and nature whatsoever, both past and future, at law and in equity, known and unknown, suspected and unsuspected, disclosed and undisclosed, which the said Releasor shall or may have against Releasees, or any persons, firms, corporations, insurers, associations or partnerships by reason of or arising from that certain alleged motor vehicle accident that occurred on or about February 10, 2005, at approximately 11:10 p.m., on Route 2, North San Dionisio Dr., near George Sanchez Street, Umatac, Guam (the "Accident").

In further consideration of the payment made herein, the undersigned Releasor

Initials: _T.T.G  J.Q.G_

- 1 -

does hereby knowingly, voluntarily, and expressly waives the benefits of the provisions of 18 G.C.A. §82602 (Section 1542 of the Civil Code of Guam), which reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The undersigned Releasor further declares and represents that this Release of All Claims expresses a full and complete settlement of a liability claimed and denied, and that regardless of the adequacy of the compensation, this Release of All Claims is intended to avoid litigation, and that there is absolutely no promise, inducement or agreement on the part of Releasees to make any payment or do any act or thing other than what is expressly stated and clearly agreed to herein, and that this Release of All Claims contains the entire agreement between the parties hereto, and that the terms of this Release of All Claims are contractual and not a mere recital.

Releasor understands and expressly warrants and represents that, by entering into and executing this Release of All Claims, **he/she** will undertake to satisfy or compromise all liens or other claims of any nature whatsoever asserted by any person or entity against Releasor or Releasees with respect to the Accident or against the proceeds of the settlement, or that **he/she** has already done so, and that **he/she** will indemnify and hold Releasees, and their respective attorneys of record harmless with respect to any such claims. Such possible claims include, but are not limited to, any claims asserted by any creditor, insurance carrier, hospital, clinic or other medical facility, federal or local, or other entity that has made payment to Releasor in connection with said incident or Releasor's claim, by any assignee or by any attorney who has formerly represented, or who purports to have formerly represented Releasor.

Initials: _T.J.G._ _J.Q.G._

- 2 -

Releasor expressly undertakes, warrants and represents that he/she will indemnify Releasees and their respective attorneys of record for any and all liabilities incurred, including reasonable attorneys' fees, should any representation or warranty Releasor makes in this Release of All Claims prove to be false, or should Releasor at any time repudiate or attempt to repudiate this Release of All Claims or any of its terms, or the settlement it is intended to document.

Releasor further agrees to indemnify, defend and hold harmless Releasees, their respective parent entities, predecessors, successors, assigns, affiliates, directors, officers, principals, agents, current and former employees, shareholders, subsidiaries, holding companies and attorneys, agents, servants, officers, employees, and each of them, and all other persons, firms, corporations, insurers, associations or partnerships, having any interest in or in any way connected with said Releasees from and against any and all loss, liability, and expense of whatsoever kind or nature, including attorneys' fees, which may arise from the assertion by Releasor of any claim against anyone arising out of the above-indicated Accident.

Payment of the sum herein mentioned is made by Releasees in compromise of a disputed claim between the parties and is intended to extinguish all rights and liabilities concerning such claim. Payment is not to be construed as an admission of liability by Releasees or anyone else.

This Release of All Claims and the terms embodied herein are confidential and are intended to remain confidential following execution and may never be deemed to constitute a precedent or past practice by any person or entity. Releasor agrees that he/she will not publicize this matter in any manner, written or oral, nor discuss the specifics of the settlement discussions with persons without a legitimate need to know.

Initials: _T.TG. JGG._

- 3 -

The undersigned Releasor hereby declares that he/she has read the foregoing Release of All Claims, that he/she fully understands and appreciates the meaning thereof, and that he/she has executed the same of his/her own free will and accord.

This Release of All Claims consists of _____ (_____) pages, each of which has been initialed by Releasor at the lower left corner, and a copy of this Release of All Claims has been retained by Releasor.

Dated this _Gth_ day of ___June___, 2005.


_(signature)_
_____
Jesse Q. Gofigan


The undersigned Releasor hereby declares that he/she has read the foregoing Release of All Claims, that he/she fully understands and appreciates the meaning thereof, and that he/she has executed the same of his/her own free will and accord.

This Release of All Claims consists of _____ (_____) pages, each of which has been initialed by Releasor at the lower left corner, and a copy of this Release of All Claims has been retained by Releasor.

Dated this _Gth_ day of ___June___, 2005.


_(signature)_
_____
Terry T. Gofigan


Initials: _T.T.G. JQG._

- 4 -

GUAM,                  )
                       )    ss:
City of _Hagatna_      )

On this _9th_ day of _June_____, 2005, before me a Notary Public of Guam, USA, personally appeared _Jesse Q. Gofigan___, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal the date last above written.

_____
NOTARY PUBLIC

> **EILEEN M. BABAUTA**
> **NOTARY PUBLIC**
> In and for Guam U.S.A.
> My Commission Expires: Oct.7, 2007
> P. O. Box 922 Hagatna, Guam 96932


GUAM,                  )
                       )    ss:
City of _Hagatna_      )

On this _9th_ day of _June_____, 2005, before me a Notary Public of Guam, USA, personally appeared _Terry T. Gofigan___, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal the date last above written.

_____
NOTARY PUBLIC

> **EILEEN M. BABAUTA**
> **NOTARY PUBLIC**
> In and for Guam U.S.A.
> My Commission Expires: Oct.7, 2007
> P. O. Box 922 Hagatna, Guam 96932

Initials: _T.T.G. J.Q.G._          - 5 -

# RELEASE OF ALL CLAIMS

KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of the sum of $12,000.00 in lawful money of the United States paid to Teresita A. Sanchez (hereinafter referred to as "Releasor"), receipt of which is hereby acknowledged, Releasor does by these presents remise, release, relinquish, acquit and forever discharge all persons and entities, specifically including, but not limited to, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., MOBIL OIL GUAM, INC., PACIFIC INDEMNIFY INSURANCE COMPANY, AMBYTH SHIPPING & TRADING, INC.: DBA, AMBYTH TRUCKING; DBA, AMBYTH LOGISTICS AMBYTH TRUCKING, INC., and JOHN D. QUERRY (hereinafter referred to as "Releasees"), their respective parent entities, predecessors, successors, assigns, affiliates, directors, officers, principals, agents, current and former employees, shareholders, subsidiaries, holding companies and attorneys, agents, servants, officers, employees, and each of them, and all other persons, firms, corporations, insurers, associations or partnerships, from all claims, rights, liabilities, suits, debts, liens, actions and causes of action, of every kind and nature whatsoever, both past and future, at law and in equity, known and unknown, suspected and unsuspected, disclosed and undisclosed, which the said Releasor shall or may have against Releasees, or any persons, firms, corporations, insurers, associations or partnerships by reason of or arising from that certain alleged motor vehicle accident that occurred on or about February 10, 2005, at approximately 11:10 p.m., on Route 2, North San Dionisio Dr., near George Sanchez Street, Umatac, Guam (the "Accident").

In further consideration of the payment made herein, the undersigned Releasor

Initials: _[signature]_

does hereby knowingly, voluntarily, and expressly waives the benefits of the provisions of 18 G.C.A. §82602 (Section 1542 of the Civil Code of Guam), which reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The undersigned Releasor further declares and represents that this Release of All Claims expresses a full and complete settlement of a liability claimed and denied, and that regardless of the adequacy of the compensation, this Release of All Claims is intended to avoid litigation, and that there is absolutely no promise, inducement or agreement on the part of Releasees to make any payment or do any act or thing other than what is expressly stated and clearly agreed to herein, and that this Release of All Claims contains the entire agreement between the parties hereto, and that the terms of this Release of All Claims are contractual and not a mere recital.

Releasor understands and expressly warrants and represents that, by entering into and executing this Release of All Claims, **he/she** will undertake to satisfy or compromise all liens or other claims of any nature whatsoever asserted by any person or entity against Releasor or Releasees with respect to the Accident or against the proceeds of the settlement, or that **he/she** has already done so, and that **he/she** will indemnify and hold Releasees, and their respective attorneys of record harmless with respect to any such claims. Such possible claims include, but are not limited to, any claims asserted by any creditor, insurance carrier, hospital, clinic or other medical facility, federal or local, or other entity that has made payment to Releasor in connection with said incident or Releasor's claim, by any assignee or by any attorney who has formerly represented, or who purports to have formerly represented Releasor.

Initials: _____

- 2 -

Releasor expressly undertakes, warrants and represents that he/she will indemnify Releasees and their respective attorneys of record for any and all liabilities incurred, including reasonable attorneys' fees, should any representation or warranty Releasor makes in this Release of All Claims prove to be false, or should Releasor at any time repudiate or attempt to repudiate this Release of All Claims or any of its terms, or the settlement it is intended to document.

Releasor further agrees to indemnify, defend and hold harmless Releasees, their respective parent entities, predecessors, successors, assigns, affiliates, directors, officers, principals, agents, current and former employees, shareholders, subsidiaries, holding companies and attorneys, agents, servants, officers, employees, and each of them, and all other persons, firms, corporations, insurers, associations or partnerships, having any interest in or in any way connected with said Releasees from and against any and all loss, liability, and expense of whatsoever kind or nature, including attorneys' fees, which may arise from the assertion by Releasor of any claim against anyone arising out of the above-indicated Accident.

Payment of the sum herein mentioned is made by Releasees in compromise of a disputed claim between the parties and is intended to extinguish all rights and liabilities concerning such claim. Payment is not to be construed as an admission of liability by Releasees or anyone else.

This Release of All Claims and the terms embodied herein are confidential and are intended to remain confidential following execution and may never be deemed to constitute a precedent or past practice by any person or entity. Releasor agrees that

Initials: _____

- 3 -

he/she will not publicize this matter in any manner, written or oral, nor discuss the specifics of the settlement discussions with persons without a legitimate need to know.

The undersigned Releasor hereby declares that **he/she** has read the foregoing Release of All Claims, that **he/she** fully understands and appreciates the meaning thereof, and that **he/she** has executed the same of **his/her** own free will and accord.

This Release of All Claims consists of _____ ( 4 ) pages, each of which has been initialed by Releasor at the lower left corner, and a copy of this Release of All Claims has been retained by Releasor.

Dated this _13_ day of _June_, 2005.

_Teresita A. Sanchez_
TERESITA A. SANCHEZ

GUAM,                          )
City of _Hagatna_              )      ss:
                               )

On this 13th day of _June_, 2005, before me a Notary Public of Guam, USA, personally appeared _Teresita A. Sanchez_ known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal the date last above written.

_Eileen Babauta_
NOTARY PUBLIC

EILEEN M. BABAUTA
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission Expires: Oct.7, 2007
P.O. Box 822 Hagatna Guam 96932

Initials: _TASanchy_        - 4 -