CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Pacific Indemnity Insurance Company*



FILED
DISTRICT COURT OF GUAM
JAN 23 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY of PITTSBURGH, PA. | ) ) ) | CIVIL CASE NO. 06-00017 |
| Plaintiff, | ) ) ) | **PACIFIC INDEMNITY INSURANCE COMPANY'S ANSWER TO** |
| vs. | ) ) | **SECOND AMENDED COMPLAINT** |
| PACIFIC INDEMNITY INSURANCE COMPANY and AMBYTH SHIPPING AND TRADING, INC., dba AMBYTH TRUCKING, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Pacific Indemnity Insurance Company ("Pacific Indemnity"), answers and responds to the Second Amended Complaint ("SAC") filed by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA. ("National Union") as follows:

### FIRST DEFENSE

As its first defense to the SAC, Pacific Indemnity:

1. Admits the allegations contained in paragraph 1 of the SAC.

2. Admits the allegations contained in paragraph 2 of the SAC.

3. Admits the allegations contained in paragraph 3 of the SAC.

4. Admits the allegations contained in paragraph 4 of the SAC.

5. Admits the allegations contained in paragraph 5 of the SAC.

6. Admits the allegations contained in paragraph 6 of the SAC.

7. Admits the allegations contained in paragraph 7 of the SAC.

8. Admits the allegations contained in paragraph 8 of the SAC.

9. States that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of the SAC.

10. Admits the allegations contained in paragraph 10 of the SAC.

11. Admits the allegations contained in paragraph 11 of the SAC.

12. Admits the allegations contained in paragraph 12 of the SAC.

13. Admits the allegations contained in paragraph 13 of the SAC.

14. Denies the allegations contained in paragraph 14 of the SAC.

15. Denies the allegations contained in paragraph 15 of the SAC.

16. Admits the allegations contained in paragraph 16 of the SAC.

17. Admits the allegation contained in paragraph 17 of the SAC that while operating the Tanker Truck, Querry was acting within the course and scope of his employment with Ambyth, and further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18 of the SAC.

19. Denies the allegations contained in paragraph 19 of the SAC.

20. Denies the allegations contained in paragraph 20 of the SAC.

21. Denies the allegations contained in paragraph 21 of the SAC.

22. Denies the allegations contained in paragraph 22 of the SAC.

23. In answer and response to paragraph 23 of the SAC, states that the Transportation Services Agreement speaks for itself and denies the specific allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 of the SAC.

25. Admits the allegations contained in paragraph 25 of the SAC.

26. In answer and response to paragraph 26 of the SAC, admits only the allegation contained in paragraph 26 that the Transportation Services Agreement is an "insured contract" pursuant to Section V(G)(5) of the Pacific Indemnity Policy and denies the remainder of the allegations contained in paragraph 26 of the SAC.

27. Admits the allegation contained in paragraph 27 of the SAC.

28. Denies the allegations contained in paragraph 28 of the SAC.

29. Denies the allegations contained in paragraph 29 of the SAC.

30. Denies the allegations contained in paragraph 30 of the SAC.

31. Denies the allegations contained in paragraph 31 of the SAC.

32. In answer and response to paragraph 32 of the SAC, admits the allegation that true and correct copies of the signed Releases are attached to the SAC, and admits the allegation that National Union negotiated reasonable settlements and by way of further answer states that this was done on behalf of Pacific Indemnity, Ambyth, and Querry.

33. Admits the allegations contained in paragraph 33 of the SAC, except the clause "leaving a balance or $244,761 owed," which is denied.

34. With respect to the allegations in paragraph 34 of the SAC, PacIndem admits that it has reimbursed National Union for expenses related to the Tanker Truck accident at an agreed upon ratio, but denies all other allegations therein.

35. Denies the allegations contained in paragraph 35 of the SAC.

36. In answer and response to paragraph 36 of the SAC, repeats and realleges, and incorporates herein by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs 1 through 35 of the SAC.

37. In answer and response to paragraph 37 of the SAC, admits there is a controversy over whether Pacific Indemnity's obligation under the Pacific Indemnity Policy is primary as to Ambyth's liability for the Tanker Truck Accident.

38. Denies the allegations contained in paragraph 38 of the SAC.

39. Denies the allegations contained in paragraph 39 of the SAC.

40. Denies the allegations contained in paragraph 40 of the SAC.

41. Denies the allegations contained in paragraph 41 of the SAC.

42. In answer and response to paragraph 42 of the SAC, repeats and realleges, and incorporates herein by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs 1 through 41 of the SAC.

43. Denies the allegations contained in paragraph 43 of the SAC.

44. Denies the allegations contained in paragraph 44 of the SAC.

45. Denies the allegations contained in paragraph 45 of the SAC.

46. Denies the allegations contained in paragraph 46 of the SAC.

47. Denies the allegations contained in paragraph 47 of the SAC.

48. In answer and response to paragraph 48 of the SAC, repeats and realleges, and incorporates herein by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs 1 through 47 of the SAC.

49. Denies the allegations contained in paragraph 49 of the SAC.

50. Denies the allegations contained in paragraph 50 of the SAC.

51. Denies the allegations contained in paragraph 51 of the SAC.

52. In answer and response to paragraph 52 of the SAC, repeats and realleges, and incorporates herein by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs 1 through 51 of the SAC.

53. Denies the allegations contained in paragraph 53 of the SAC.

54. Admits the allegations contained in paragraph 54 of the SAC.

55. Denies the allegations contained in paragraph 55 of the SAC.

56. Denies the allegations contained in paragraph 56 of the SAC.

57. Denies the allegations contained in paragraph 57 of the SAC.

58. Denies each and every other allegation in the SAC not specifically addressed above.

## SECOND DEFENSE

59. The SAC, including without limitation Claims 1, 2, and 3, fails to state a claim against Defendant Pacific Indemnity upon which relief can be granted.

## FIRST AFFIRMATIVE DEFENSE

60. On or about April 27, 2005, Pacific Indemnity and National Union entered into a binding agreement under which they agreed that Pacific Indemnity would pay an amount equal to one-third of the amount of the claims and settlements up to its policy limits of $1,000,000 and

National Union would pay an amount equal to two-thirds of the amount of the claims and settlements up to its policy limits of $2,000,000.

## SECOND AFFIRMATIVE DEFENSE

61. Plaintiff National Union is estopped from making its claims in the SAC by the agreement entered into on or about April 27, 2005, in which it was agreed that Pacific Indemnity would pay an amount equal to one-third of the amount of the claims and settlements up to its policy limits of $1,000,000 and National Union would pay an amount equal to two-thirds of the amount of the claims and settlements up to its policy limits of $2,000,000.

## THIRD AFFIRMATIVE DEFENSE

62. Plaintiff National Union has waived its claims set forth in the SAC.

## FOURTH AFFIRMATIVE DEFENSE

63. The responsibilities of National Union and Pacific Indemnity are governed by the other insurance provisions in the respective insurance policies of the National Union insurance policy and the Pacific Indemnity Insurance, specifically Section 18 of the Conditions section of the National Union insurance policy and Section IV.B.5.d. of the Pacific Indemnity insurance policy.

64. Under the foregoing other insurance provisions, National Union is responsible for the payment of two-thirds of the amount of the claims and settlements and Pacific Indemnity is responsible for the payment of one-third of the amount of the claims and settlements.

65. The payments made by Pacific Indemnity are in compliance with its responsibilities as defined by the other insurance provisions of the insurance policies.

### FIFTH AFFIRMATIVE DEFENSE

66. National Union is not a third party beneficiary to the PacIndem insurance policy and therefore lacks standing to raise the claims asserted in the SAC.

### SIXTH AFFIRMATIVE DEFENSE

67. National Union's claims are barred by the anti-subrogation rule under which it cannot seek reimbursement from its insureds, Ambyth and Querry, and which applies to the claims against PacIndem in the SAC.

### SEVENTH AFFIRMATIVE DEFENSE

68. The SAC for declaratory relief fails to present a justiciable or actual controversy as required by 28 USC § 2201, in that Plaintiff National Union has failed to demonstrate that it will sustain or is immediately in danger of sustaining any direct injury or damage from future claims and Plaintiff is, therefore, not entitled to declaratory relief.

**WHEREFORE,** Defendant Pacific Indemnity, requests that:

1. The SAC of National Union be dismissed, judgment be entered in favor of Pacific Indemnity, and National Union take nothing by way of its SAC;

2. That this Court not grant National Union's petition for declaratory relief, or alternatively, that it declare that Defendant Pacific Indemnity has no obligation to reimburse Plaintiff National Union for any of National Union's past and future expenses incurred, any past and future payments made, as a result of the Tanker Truck Accident, and that, with respect to expenses incurred and payments made up to the $1,000,000 coverage provided by the Pacific Indemnity Policy and that Pacific Indemnity is liable for only one-third of the amount of such claims and settlements;

3. This Court award Defendant Pacific Indemnity its costs of suit; and,

4. This Court order and award such other and further relief as this Court deems lawful, just, or equitable under the circumstances.

Respectfully submitted this 23rd day of January, 2007.

**CIVILLE & TANG, PLLC**

By: _____
**G. PATRICK CIVILLE**
*Attorneys for Defendant*
*Pacific Indemnity Insurance Company*

# CERTIFICATE OF SERVICE

I, G. Patrick Civille, hereby certify that on January 23, 2007, a copy of the foregoing Answer to Second Amended Complaint was served by hand-delivery on the following:

> Michael D. Flynn, Jr., Esq.
> Maher, Yanza, Flynn, Timblin, LLP
> 115 Hesler Place, Ground Floor
> Governor Flores Building
> Hagåtña, Guam 96910
>
> David Ledger, Esq.
> Carlsmith Ball. LLP
> Bank of Hawaii Bldg, Suite 402
> Hagatna, Guam 96910

DATED this 23rd day of January, 2007.

                **CIVILLE & TANG, PLLC**

                By: _____
                    G. PATRICK CIVILLE
                *Attorneys for Defendant*
                *Pacific Indemnity Insurance Company*