CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Ambyth Shipping & Trading, Inc. dba Ambyth Trucking

**FILED**
DISTRICT COURT OF GUAM
JAN 3 0 2007 nbɑ
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PACIFIC INDEMNITY INSURANCE COMPANY and AMBYTH SHIPPING & TRADING, INC., dba AMBYTH TRUCKING,<br><br>　　　　　　　Defendants. | CIVIL CASE NO. 06-00017<br><br>**DEFENDANT AMBYTH SHIPPING & TRADING'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR REIMBURSEMENT; CROSS CLAIM AGAINST PACIFIC INDEMNITY; THIRD-PARTY COMPLAINT AGAINST CASSIDY'S ASSOCIATED INSURERS, INC.; DECLARATION OF SERVICE** |

Defendant Ambyth Shipping & Trading, Inc. dba Ambyth Trucking ("Ambyth") hereby files its Answer to Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Second Amended Complaint for Declaratory Relief and for Reimbursement as follows:

1.　　Ambyth has no personal knowledge by which to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.　　Ambyth believes the allegations contained in paragraph 2 to be accurate, but has no personal knowledge by which to admit or deny the allegations.

ORIGINAL

3. Admit.

4. Admit.

5. Admit.

6. Ambyth admits there is complete diversity and that the alleged amount in controversy exceeds $75,000.

7. Admit.

8. Ambyth believes the allegations contained in paragraph 8 to be accurate, but has no personal knowledge by which to admit or deny the allegations.

9. Admit.

10. Admit.

11. Ambyth admits only that with respect to the underlying incident at issue here, it provided a driver for a tank truck owned by Mobil under an agreement known as a Transportation Services Agreement. Ambyth denies each and every remaining allegation contained in paragraph 11 of the Second Amended Complaint.

12. Admit.

13. Ambyth neither admits nor denies the allegations contained in paragraph 13 of the Complaint, as the language of the Transportation Services Agreement speaks for itself.

14. Ambyth neither admits nor denies the allegations contained in paragraph 14 of the Complaint, as the language of the Transportation Services Agreement speaks for itself.

15. Ambyth neither admits nor denies the allegations contained in paragraph 15 of the Complaint, as the language of the Transportation Services Agreement speaks for itself.

16. Ambyth admits that on the date stated John Querry was driving a tank truck owned by Mobil which was carrying gas and diesel fuel. Ambyth denies each and every remaining allegation contained in paragraph 16 of the Second Amended Complaint.

17. Ambyth admits only that on the date stated John Querry was driving a tank truck owned by Mobil which was carrying gas and diesel fuel. Ambyth denies each and every remaining allegation contained in paragraph 17 of the Second Amended Complaint.

18. Ambyth admits that on the date stated John Querry was driving a tank truck owned by Mobil which was carrying gas and diesel fuel and that the tanker overturned and spilled its cargo. Ambyth denies each and every remaining allegation contained in paragraph 18 of the Second Amended Complaint.

19. Ambyth denies the allegations contained in paragraph 19 of the Complaint.

20. Ambyth denies the allegations contained in paragraph 20 of the Complaint except with regard to the filing of a criminal complaint against Querry.

21. Ambyth denies the allegations contained in paragraph 21 of the Complaint.

22. Ambyth denies the allegations contained in paragraph 22 of the Complaint.

23. Ambyth neither admits nor denies the allegations contained in paragraph 23 of the Complaint, as the language of the Transportation Services Agreement speaks for itself.

24. Ambyth neither admits nor denies the allegations contained in paragraph 13 of the Complaint, as the language of the Transportation Services Agreement speaks for itself.

25. Admit.

26. Admit.

27. Ambyth believes the allegations contained in paragraph 27 to be accurate, but has no personal knowledge by which to admit or deny the allegations.

28. In response to paragraph 28 of the Complaint, Ambyth avers that it sought an insurance policy from Pacific Indemnity through Cassidy's Associated Insurers, Inc. ("Cassidy's") in which the National Union policy would be secondary to the Pacific Indemnity Policy. If the Court determines that the Pacific Indemnity Policy is not primary, then Ambyth

pleads that liability for the Pacific Indemnity Policy not being primary lies with Pacific Indemnity and/or Cassidy's.

29. Ambyth believes the allegations contained in paragraph 29 to be accurate, but has no personal knowledge by which to admit or deny the allegations.

30. Ambyth denies the allegations of paragraph 30.

31. Ambyth denies the allegations of paragraph 31.

32. Ambyth believes the allegations contained in paragraph 32 to be accurate, but has no personal knowledge by which to admit or deny the allegations.

33. Ambyth has no personal knowledge by which to admit or deny the allegations.

34. Ambyth has no personal knowledge by which to admit or deny the allegations.

35. Ambyth denies the allegations of paragraph 35.

36. Ambyth incorporates its answers to paragraphs 1 through 35 of the Complaint.

37. Admit.

38. Ambyth has no personal knowledge by which to admit or deny the allegations.

39. Ambyth admits National Union is entitled to an order declaring that the insurance policy Ambyth purchased from Pacific Indemnity provides that Pacific Indemnity's liability insurance coverage is "primary".

40. Ambyth admits the allegations of paragraph 40 to the extent the allegations in paragraph 40 require Pacific Indemnity to indemnify Ambyth for and against claims arising from the tank truck incident.

41. Ambyth admits the allegations of paragraph 41 to the extent the allegations in paragraph 41 require Pacific Indemnity to indemnify Ambyth for and against claims arising from the tank truck incident.

42. Ambyth incorporates its answers to paragraphs 1 through 41 of the Complaint.

43. Admit.

44. Admit.

45. Ambyth admits the allegations of paragraph 45 to the extent the allegations in paragraph 45 require Pacific Indemnity to indemnify Ambyth for and against claims arising from the tank truck incident.

46. Ambyth admits the allegations of paragraph 46 to the extent the allegations in paragraph 46 require Pacific Indemnity to indemnify Ambyth for and against claims arising from the tank truck incident.

47. Ambyth admits the allegations of paragraph 47 to the extent the allegations in paragraph 47 require Pacific Indemnity to indemnify Ambyth for and against claims arising from the tank truck incident.

48. Ambyth incorporates its answers to paragraphs 1 through 47 of the Complaint.

49. Ambyth admits the coverage provided by the policy is primary. Ambyth denies each and every remaining allegation contained in paragraph 49 of the Second Amended Complaint.

50. Ambyth admits the allegations of paragraph 50 to the extent the allegations in paragraph 50 require Pacific Indemnity to indemnify Ambyth for and against claims arising from the tank truck incident.

51. Ambyth admits the allegations of paragraph 51 to the extent the allegations in paragraph 51 require Pacific Indemnity to indemnify Ambyth for and against claims arising from the tank truck incident.

52. Ambyth incorporates its answers to paragraphs 1 through 51 of the Complaint.

53. Ambyth neither admits nor denies the allegations contained in paragraph 53 of the Complaint, as the language of the Transportation Services Agreement speaks for itself.

54. Ambyth denies paragraph 54.

55. Ambyth denies paragraph 55.

56. Ambyth denies paragraph 56.

57. Ambyth denies paragraph 57.

58. As to the Prayers For Relief, Ambyth denies National Union is entitled to a judgment against or any recovery from Ambyth.

## **DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Ambyth will rely upon the defenses of waiver, estoppel, and/or unclean hands; further, if Defendant Querry was unlawfully under the influence of a controlled substance or alcohol when he was operating Mobil's truck, such conduct was without Ambyth's knowledge or consent and outside the scope of his employment by Ambyth.

3. Ambyth has no relationship with or obligation owing to National Union or any of its agents or affiliates and therefore does not owe the money being demanded for reimbursement.

4. Ambyth is not liable, in whole or in part, for the damages claimed by National Union.

5. Defendant Pacific Indemnity Insurance Company ("Pacific Indemnity") is contractually and otherwise obligated to pay any damages awarded against Ambyth on any grounds, that is, to indemnify Ambyth.

6. National Union's complaint fails to state a claim for relief because the insurance did not breach any provision of the Transportation Services Agreement and in particular part 14.1.

7. Ambyth's further defenses include all those allowed by statute and applicable common law, which may become apparent as discovery is conducted.

WHEREFORE Ambyth prays:

1. That the Complaint be dismissed with prejudice;

2. That Pacific Indemnity be ordered to indemnify Ambyth;

3. That Ambyth be awarded its attorneys fees and costs and that Pacific Indemnity be ordered to reimburse such fees and costs to Ambyth;

4. For such further and other relief that the Court may deem appropriate.

DATED: Hagåtña, Guam, January 30, 2007.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Defendant
Ambyth Shipping and Trading, Inc.
dba Ambyth Trucking

## CROSS-CLAIM AGAINST PACIFIC INDEMNITY INSURANCE COMPANY

Ambyth hereby alleges against Pacific Indemnity as follows:

1. On January 9, 2007 National Union filed a Second Amended Complaint ("Complaint") stating claims against Pacific Indemnity Insurance and Ambyth.

2. Ambyth's Cross-claim arises out of the same transactions and occurrences which are the subject matter of National Union's Complaint.

3. Ambyth's Cross-claim falls within the Court's supplemental jurisdiction pursuant to Federal Rule of Civil Procedure 13 and 28 U.S.C. § 1367.

4. Ambyth is a corporation authorized to conduct business in Guam.

5. Upon information and belief, Defendant Pacific Indemnity is an insurance company authorized to conduct insurance business in Guam with its principal place of business at 348 West O'Brien Drive, Hagåtña, Guam.

6. On or about February 11, 2005, a gasoline tank truck crashed and burned at Umatac, Guam. The truck belonged to Mobil Oil (Guam) and Mobil was obligated to maintain the truck in a reasonably safe condition.

7. At the time of the crash, Ambyth had a contract with Mobil to provide a driver for the truck (the "Transportation Services Agreement" or "Agreement"). The Agreement required Ambyth to obtain certain insurance coverage.

8. At the time of the crash, Ambyth had such an insurance policy (the "Policy") with Pacific Indemnity. The policy was to insure Ambyth's Agreement with Mobil, and otherwise insure Ambyth, and as an additional insured, Mobil, against loss, claims, and expenses arising out of incidents such as the tank truck fire and National Union's claims in this action.

9. National Union's lawsuit against Ambyth concerns Ambyth's alleged obligation to obtain insurance coverage primary to all other insurance which may provide coverage to Ambyth and Mobil.

10. Ambyth has previously tendered National Union's claims to Pacific Indemnity for defense and indemnification.

11. Pacific Indemnity previously denied Ambyth's request for indemnification instead invoking a so-called "reservation of rights" dependent on an "investigation" of the underlying claims. That denial was retracted in part, while Pacific Indemnity continued to deny coverage for so-called "uncovered claims."

12. More recently, Pacific Indemnity has verbally reiterated its denial of coverage on the so-called uncovered claims. In particular, in this action National Union claims Ambyth

breached the Transportation Services Agreement with Mobil by not obtaining certain insurance coverage required under the Agreement and that as a result, National Union has sustained damages. Pacific Indemnity contends this is not a covered claim.

### Count I: Breach of Contract

13. Under part 14.1 of the Transportation Services Agreement and in particular 14.1(f), Ambyth agreed to obtain certain insurance.

14. Ambyth requested such insurance from Pacific Indemnity and Pacific Indemnity provided it.

15. In particular, the Transportation Services Agreement is an *Insured Contract* within the meaning of section V (G)(5) of the Pacific Indemnity policy.

16. Under section IV (B)(5)(c) of the Pacific Indemnity policy, the insurance and Pacific Indemnity's liability is primary for any liability arising by way of the *Insured Contract*, that is, it is primary to other insurance that may provide Mobil and Ambyth with coverage for the tank truck incident which occurred during Ambyth's performance of the *Insured Contract*, that is, the Transportation Services Agreement..

17. Ambyth has met all conditions for coverage.

18. Pacific Indemnity has breached its contract with Ambyth by failing to agree to provide coverage for the Insured Contract and by otherwise failing to provide coverage which is primary to all other insurance which may provide coverage to Ambyth and Mobil.

19. Pacific Indemnity's breach has resulted in damages to Ambyth for which Pacific Indemnity must answer.

### Count II: Negligence

20. Ambyth incorporates by reference the allegations stated in paragraphs 1 to 19 of this Cross-claim.

4814-0572-1345.1.052013-00003                                    9.
Case 1:06-cv-00017    Document 39    Filed 01/30/2007    Page 9 of 16

21. Under part 14.1 of the Transportation Services Agreement with Mobil and in particular 14.1(f), Ambyth agreed to obtain certain insurance.

22. Ambyth reasonably expected such insurance from Pacific Indemnity and Pacific Indemnity was under a duty to provide it. In particular, Ambyth expected to be provided insurance to insure Ambyth's Transportation Services Agreement with Mobil and which would be primary to all other insurance which may provide coverage to Ambyth and Mobil.

23. Pacific Indemnity breached its duty to Ambyth by failing to provide coverage to insure Ambyth's Transportation Services Agreement and which is primary to all other insurance which may provide coverage to Ambyth and Mobil.

24. Pacific Indemnity's breach is a proximate cause of damage sustained by Ambyth the amount of which will be established at trial.

WHEREFORE Ambyth prays:

25. That Pacific Indemnity be required to indemnify Ambyth for any liability awarded against Ambyth in this case;

26. That Pacific Indemnity be required to indemnify Ambyth for the defense of this case;

27. An award of compensatory, actual, and consequential damages against Pacific Indemnity; and

28. That Ambyth be awarded its attorneys fees and costs; and

29. For such further relief the Court deems just.

DATED: Hagåtña, Guam, January 30, 2007.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Defendant/Cross-Claimant/Third
Party Plaintiff Ambyth Shipping and Trading, Inc.

## THIRD PARTY COMPLAINT AGAINST CASSIDY'S ASSOCIATED INSURERS, INC.

Third Party Plaintiff Ambyth Shipping & Trading (Ambyth) alleges as follows:

1. Ambyth is a corporation with its principal place of business in Guam and at all time pertinent hereto was engaged in the business of providing certain transportation services.

2. Third Party Defendant Cassidy's Associated Insurers, Inc. ("Cassidy's") is an insurance company with its principal place of business in Guam. Cassidy's placed an insurance policy for Ambyth with Pacific Indemnity Insurance Company, likewise an insurance company doing business on Guam.

3. Mobil Oil Guam, Inc. (Mobil) is a corporation with its principal place of business in Guam and at all times pertinent hereto was engaged in the business of selling motor fuels.

4. National Union is an insurance company licensed to do business in Guam and at all time pertinent hereto provided certain insurance coverage to Mobil.

5. On or about September 29, 2004 Ambyth and Mobil entered into a Transportation Services Agreement, under which Ambyth agreed, among other things, to provide a driver to Mobil to drive a Mobil-owned fuel tank truck. (Exhibit 1)

6. Under part 14.1(f) of the Transportation Services Agreement, Ambyth agreed to obtain certain insurance for itself and Mobil as an additional insured, and which would be primary as to all other insurance that may provide Mobil or Ambyth with coverage. Cassidy's agreed to obtain and place this insurance for Ambyth.

7. Ambyth reasonably relied on Cassidy's insurance expertise to obtain and place such insurance, and likewise reasonably believed that the insurance Cassidy's obtained and placed was primary so as to meet its obligation to Mobil under the Transportation Services Agreement.

8. On February 10, 2005 a Mobil-owned tank truck crashed and burned while en route to deliver thousands of gallons of motor fuel to certain locations on Guam. John Querry, a driver who had been hired by Ambyth, was operating the truck pursuant to a contract between Ambyth and Mobil (the "Transportation Services Agreement"). Mobil contends Querry's misconduct caused the crash, while Ambyth contends a defect in the truck and poor maintenance, all attributable to Mobil, was the cause.

9. At the time of the crash, Mobil had its own insurance policy with National Union and sought coverage under that policy.

10. At the time of the crash, the insurance policy Cassidy's had agreed to obtain and placed for Ambyth with Defendant Pacific Indemnity Insurance Company was in force.

11. Subsequent to the crash, National Union, on behalf of Mobil, paid third-party claims for damage in the alleged amount of $366,165.61, and allegedly incurred costs in the amount of $18,547.29.

12. Of this amount, Pacific Indemnity, on behalf of Ambyth, subsequently agreed to reimburse and did reimburse National Union in the amount of $121,404.07 and also a portion of the $18,547.29 in costs.

13. National Union has sued Pacific Indemnity (and Ambyth) for the unreimbursed portion of claims it paid and costs advanced on the grounds that Ambyth's policy with Pacific Indemnity and Pacific Indemnity's liability thereunder was to be and is primary to all other insurance covering Ambyth and Mobil, and in particular National Union's policy covering Mobil.

14. National Union contends Ambyth rather than Mobil was 100% at fault for the tank truck crash and that, accordingly, Pacific Indemnity is primarily liable to pay all damages resulting therefrom.

4814-0572-1345.1.052013-00003                              12.

Case 1:06-cv-00017   Document 39   Filed 01/30/2007   Page 12 of 16

15. Pacific Indemnity has rejected National Union's claims for reimbursement on grounds that its policy with Ambyth is not primary to National Union's coverage for Mobil, and that Ambyth did not request such coverage in the first place.

16. As a result, National Union, as an alleged third-party beneficiary under Mobil's Transportation Services Agreement with Ambyth, has sued Ambyth for breach of contract on grounds that Ambyth did not obtain the insurance policy required under part 14.1(f) of the Transportation Services Agreement.

### Count I: Negligence

17. Ambyth realleges paragraphs 1-16.

18. At all time pertinent hereto, Cassidy's held itself out as a competent insurance company and actively solicited insurance business. Ambyth took its business to Cassidy's.

19. Ambyth reasonably relied on Cassidy's expertise to obtain and place the insurance Ambyth needed to meet its obligations to Mobil under the Transportation Services Agreement.

20. Cassidy's agreed to obtain and place the insurance Ambyth requested and was under a duty to do so.

21. Though Cassidy's did obtain and place an insurance policy for Ambyth, the subsequent events described above reveal that Cassidy's failed to obtain the coverage Ambyth requested and relied on Cassidy's to obtain.

22. Cassidy's failure to obtain the policy Ambyth reasonably expected constitutes a breach of duty to Ambyth and negligence.

23. As a result, Ambyth has been damaged in an amount to be proven at trial.

### Count II: Breach of Contract

24. Ambyth realleges paragraphs 1-23.

25. At all time pertinent hereto, Cassidy's held itself out as a competent insurance company and actively solicited insurance business.

26. Ambyth went to Cassidy's and reasonably relied on Cassidy's expertise to obtain and place the insurance Ambyth needed to meet its obligations to Mobil under the Transportation Services Agreement.

27. Ambyth offered to pay premiums in exchange for Cassidy's obtaining and placing the insurance Ambyth needed.

28. Cassidy's accepted the offer.

29. Ambyth agreed to pay and did pay Cassidy's a premium for an insurance policy.

30. Though Cassidy's did obtain and place an insurance policy for Ambyth, the subsequent events described above revealed that Cassidy's failed to obtain the coverage Ambyth requested and relied on Cassidy's to obtain, and which Cassidy's agreed to procure.

31. Cassidy's failure to procure the insurance policy Ambyth contracted for is a breach of that contract.

32. Cassidy's breach of contract has caused Ambyth to sustain damages in an amount to be proven at trial.

WHEREFORE Ambyth prays for:

33. An order that Cassidy's indemnify Ambyth for any liability awarded against Ambyth in this case;

34. An order that Cassidy's indemnify Ambyth for its costs of defense;

35. An award of compensatory, actual, and consequential damages against Cassidy's;

36. Pro-rated return of premium;

37. Attorneys fees and costs; and

38. Such further relief the Court deems just.

DATED: Hagåtña, Guam, January 30, 2007.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Defendant/Cross-Claimant/Third Party Plaintiff Ambyth Shipping and Trading, Inc.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare that on the 30th day of January 2007, I will cause to be served, a true and correct copy of **DEFENDANT AMBYTH SHIPPING & TRADING'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR REIMBURSEMENT; CROSS CLAIM AGAINST PACIFIC INDEMNITY; THIRD-PARTY COMPLAINT AGAINST CASSIDY'S ASSOCIATED INSURERS, INC.; DECLARATION OF SERVICE** upon the following Counsel of record:

>   Michael D. Flynn, Jr., Esq.
>   MAHER YANZA FLYNN TIMBLIN, LLP
>   115 Hesler Place, Ground Floor
>   Governor Joseph Flores Building
>   Hagåtña, Guam 96910

and

>   Patrick Civille, Esq.
>   CIVILLE & TANG PLLC
>   Suite 200
>   Hernan Cortez Ave.
>   Hagåtña, Guam 96910

Executed this 30th day of January 2007 at Hagåtña, Guam.

_____
DAVID LEDGER