**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Pacific Indemnity Insurance Company*



FILED
DISTRICT COURT OF GUAM
FEB 20 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC INDEMNITY INSURANCE COMPANY and AMBYTH SHIPPING AND TRADING, INC., dba AMBYTH TRUCKING, <br><br> Defendants. | CIVIL CASE NO. 06-00017 <br><br> **PACIFIC INDEMNITY INSURANCE COMPANY'S ANSWER TO CROSS-CLAIM OF AMBYTH SHIPPING AND TRADING, INC., dba AMBYTH TRUCKING** |

Defendant Pacific Indemnity Insurance Company ("Pacific Indemnity"), answers and responds to the Cross-Claim of Ambyth Shipping & Trading, Inc., dba Ambyth Trucking ("Ambyth") as follows:

### FIRST DEFENSE

The Cross-Claim, in whole or in part, fails to state a claim against Defendant Pacific Indemnity upon which relief can be granted.

## SECOND DEFENSE

As its Answer to the Cross-Claim, Pacific Indemnity:

1. Admits the allegations contained in paragraph 1 of the Cross-Claim.

2. Denies the allegations contained in paragraph 2 of the Cross-Claim.

3. Admits the allegations contained in paragraph 3 of the Cross-Claim.

4. Admits the allegations contained in paragraph 4 of the Cross-Claim.

5. Admits the allegations contained in paragraph 5 of the Cross-Claim.

6. Admits the allegations contained in paragraph 6 of the Cross-Claim.

7. Admits the allegations contained in paragraph 7 of the Cross-Claim.

8. Admits the first sentence of paragraph 8 of the Cross-Claim except for the word "such," and denies the remaining allegations contained in paragraph 8 of the Cross-Claim.

9. Admits the allegations contained in paragraph 9 of the Cross-Claim.

10. Admits the allegations contained in paragraph 10 of the Cross-Claim.

11. Admits the allegations contained in paragraph 11 of the Cross-Claim.

12. Admits the allegations contained in paragraph 12 of the Cross-Claim.

13. Admits the allegations contained in paragraph 13 of the Cross-Claim.

14. Denies the allegations contained in paragraph 14 of the Cross-Claim.

15. Admits the allegations contained in paragraph 15 of the Cross-Claim.

16. Denies the allegations contained in paragraph 16 of the Cross-Claim.

17. Denied the allegations contained in paragraph 17 of the Cross-Claim.

18. Denies the allegations contained in paragraph 18 of the Cross-Claim.

19. Denies the allegations contained in paragraph 19 of the Cross-Claim.

20. In answer and response to paragraph 20 of the Cross-Claim, repeats and realleges, and incorporates herein by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs 1 through 19 of the Cross-Claim.

21. Admits the allegations contained in paragraph 21 of the Cross-Claim.

22. Denies the allegations contained in paragraph 22 of the Cross-Claim.

23. Denies the allegations contained in paragraph 23 of the Cross-Claim.

24. Denies the allegations contained in paragraph 24 of the Cross-Claim.

25. Denies each and every other allegation in the Cross-Claim not specifically addressed above.

### FIRST AFFIRMATIVE DEFENSE

Ambyth was provided the coverage it requested and its claims are therefor barred.

### SECOND AFFIRMATIVE DEFENSE

Section IV (B)(5)(d) of the policy issued by Pacific Indemnity provides that when coverage provided by "this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our [Pacific Indemnity's] share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis." Pacific Indemnity has provided coverage in accordance with this provision of the policy.

### THIRD AFFIRMATIVE DEFENSE

Ambyth accepted the policy as drafted and the benefits of coverage provided thereby and its claims are therefore barred.

3

## FOURTH AFFIRMATIVE DEFENSE

Pacific Indemnity has asserted various affirmative defenses in its Answer to claims made against it by National Union in the Second Amended Complaint, and a copy of Pacific Indemnity's Answer has been served on Ambyth. To the extent Amyth adopts any claims asserted against Pacific Indemnity by National Union, Pacific Indemnity incorporates by reference the affirmation defenses it has asserted in its Answer to the Second Amended Complaint.

**WHEREFORE,** Defendant Pacific Indemnity, requests that:

1. The Cross-Claim of Ambyth be dismissed, judgment be entered in favor of Pacific Indemnity, and Ambyth take nothing by way of its Cross-Claim;

2. This Court award Defendant Pacific Indemnity its costs of suit; and

3. This Court order and award such other and further relief as this Court deems lawful, just, or equitable under the circumstances.

Respectfully submitted this 20th day of February, 2007.

CIVILLE & TANG, PLLC

By_____
G. PATRICK CIVILLE
*Attorneys for Defendant*
*Pacific Indemnity Insurance Company*

# CERTIFICATE OF SERVICE

I, G. Patrick Civille, hereby certify that on February 20, 2007, a copy of *Pacific Indemnity Insurance Company's Answer to Cross-Claim* was served by hand-delivery on the following:

> Michael D. Flynn, Jr., Esq.
> Maher, Yanza, Flynn, Timblin, LLP
> 115 Hesler Place, Ground Floor
> Governor Flores Building
> Hagåtña, Guam 96910
> > *Attorneys for Plaintiff*
> > *National Union Fire Insurance*
> > *Company of Pittsburgh, Pa.*
>
> David Ledger, Esq.
> Carlsmith Ball. LLP
> Bank of Hawaii Bldg, Suite 402
> 134 West Soledad Avenue
> Hagåtña, Guam 96910
> > *Attorneys for Defendant*
> > *Ambyth Shipping & Trading, Inc., dba Ambyth Shipping*
>
> Joseph C. Razzano, Esq.
> Teker Torres & Teker, P.C.
> Suite 2A, 130 Aspinall Avenue
> Hagåtña, Guam 96910
> > *Attorneys for Third-Party Defendant*
> > *Cassidy's Associated Insurers, Inc.*

DATED this 20th day of February, 2007.

CIVILLE & TANG, PLLC

By: /s/ G. PATRICK CIVILLE
*Attorneys for Defendant*
*Pacific Indemnity Insurance Company*