**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601
*Attorneys for Third-Party Defendant,*
  *Cassidy's Associated Insurers, Inc.*

**CARLSMITH BALL, LLP**
SUITE 401, BANK OF HAWAII BUILDING
134 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-6813
FACSIMILE: (671) 477-4375
*Attorneys for Defendant/Third-Party Plaintiff, Ambyth*
  *Shipping & Trading, Inc. dba Ambyth Trucking*

**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511
*Attorneys for Defendant,*
*Pacific Indemnity Insurance Company*

**MAHER YANZA FLYNN & TIMBLIN, LLP**
115 HESLER PLACE, GROUND FLOOR
GOVERNOR JOSEPH FLORES BUILDING
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-7059
FACSIMILE: (671) 472-5487
*Attorneys for Plaintiff, National Union Fire*
  *Insurance Company of Pittsburgh, PA*

FILED
DISTRICT COURT OF GUAM
APR 23 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE ) | CIVIL CASE NO. 06-00017 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED SCHEDULING ORDER** |
| ) | |
| PACIFIC INDEMNITY INSURANCE ) | |
| COMPANY and AMBYTH SHIPPING & ) | |
| TRADING, INC., dba AMBYTH ) | |
| TRUCKING, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

**ORIGINAL**

| | |
|---|---|
| 1 | AMBYTH SHIPPING & TRADING, INC., ) |
|   | dba AMBYTH TRUCKING, ) |
| 2 | ) |
|   | Third-Party Plaintiff, ) |
| 3 | ) |
|   | vs. ) |
| 4 | ) |
|   | CASSIDY'S ASSOCIATED INSURERS, ) |
| 5 | INC., ) |
|   | ) |
| 6 | Third-Party Defendant. ) |

----------

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, the parties hereby submit the following Amended Scheduling Order. The basis for the amendment to the Scheduling Order is that evidence relating to the accident at issue in this case will be heavily dependent on expert testimony. In addition, new parties have been added to this litigation as recently as February 20, 2007. The parties need additional time to develop the expert testimony and for that reason have agreed to modify certain discovery and motion dates.

1. **The nature of the case is as follows:** The original lawsuit between National Union and Pacific Indemnity Insurance Company ("PIICO") involves a claim for declaratory judgment and damages. The lawsuit arises from an accident on February 10, 2005 in which a tanker truck owned by Mobil Oil Guam, Inc. ("Mobil") overturned on the road leading to Umatac, resulting in a fire and the destruction of property. At the time of the accident, the tanker truck was being driven by John D. Querry and employee of Ambyth Shipping and Trading, Inc. dba Ambyth Trucking ("Ambyth"), which provided drivers to Mobil under contract. Mobil was insured by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and Ambyth was insured by PIICO.

The Amended Complaint sets forth three causes of action by National Union against PIICO. Claim 1 seeks judgment declaring that National Union's policy is excess to PIICO's policy, and damages for all of National Union's past and future expenses related to the accident. Claim 2 seeks damages under a theory of equitable subrogation based on the allegation that Mobil was an intended third party beneficiary of the PIICO policy and that National Union is equitably subrogated to Mobil's third party beneficiary rights. Claim 3 seeks damages under a theory of third party beneficiary rights based on the allegation that National Union is an intended and express third party beneficiary under the PIICO policy. Recently, Ambyth filed a cross-claim against PIICO for Breach of Contract and Negligence. Additionally, Ambyth filed a Third Party Claim against Cassidy's Associated Insurers ("Cassidy's") for the same causes of action.

2.  **The posture of the case is as follows:** Plaintiff filed its Complaint on June 26, 2006 naming John D. Query (the driver of the tanker truck), Ambyth (Query's employer) and PIICO as defendants. Federal jurisdiction was asserted under 28 U.S.C. §1332 based on diversity and an alleged amount at issue of $257,420.70. On August 11, 2006, PIICO filed a motion to dismiss under FRCP 12(b)(6) asserting among other things that Ambyth and Query were insureds under National Union's policy and that, in light of the anti-subrogation rule, the complaint failed to state a claim upon which relief could be granted. No hearing date on that motion has been scheduled. Plaintiff filed an amended complaint on September 1, 2006, deleting Query and Ambyth as defendants and naming only PIICO as a defendant. Based on the filing of the amended complaint, PIICO withdrew its motion to dismiss, reserving the right to challenge the amended complaint.

On January 9, 2007 National Union Filed a Second Amended Complaint for Declaratory Relief and for Reimbursement ("SAC"). The SAC reinstates Ambyth Shipping as a defendant

and adds causes of action based on National Union's assertion that it was a third party beneficiary to Transportation Service Agreement between Mobil Oil and Ambyth, and that Ambyth breached its duty to Mobil under that agreement and thereby caused injury to National Union as a third party beneficiary.

On January 30, 2007, Ambyth filed a Cross-Claim and Third Party claims discussed above.

3. (a) **The following motions are on file:** There are no motions pending.

(b) **The following motions have been resolved:** No dispositive motions have been presented.

(c) **The following discovery has been initiated:** Production of documents and designation of experts (without reports) has commenced.

4. All motions to add parties and claims shall be filed on or before **May 31, 2007**.

5. All motions to amend pleadings shall be filed on or before **June 29, 2007**.

6. **Adoption of Amended Joint Discovery Plan:** The parties have executed an Amended Joint Discovery Plan, which has been filed with the Court. The Amended Joint Discovery Plan is adopted and incorporated herein.

7. National Union and PIICO have previously appeared before the District Court on for a Scheduling Conference.

8. The discovery cut-off date (defined as the last day to file responses to discovery) is **November 30, 2007**.

9. (a) The anticipated discovery motions are: The parties do not anticipate any discovery disputes.

Any discovery motions shall be filed by **February 7, 2008**.

(b) Each side anticipates filing motions which will be dispositive as to one or

more issues.

All dispositive motions shall be filed on or before **February 21, 2008**, and heard in the manner provided in the Local Rules.

10. **The prospects for settlement are:** Settlement does not appear to be likely, but the parties are willing to participate in good faith in a settlement conference before the Magistrate Judge.

11. The Preliminary Pretrial Conference shall be held on **March 11, 2008, at 10:00 o'clock a.m.** This date is twenty-one (21) days before the trial date.

12. The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists shall be filed on or before **March 18, 2008**. This date is fourteen (14) days before the trial date.

13. The Proposed Pretrial Order shall be filed or before **March 18, 2008**. This date is fourteen (14) days before the trial date.

14. The Final Pretrial Conference shall be held on **March 25, 2008, at 10:00 o'clock a.m.** This date is seven (7) days before the trial.

15. The trial shall be held on **April 1, 2008** at **9:30 a.m.**, or at such later date as may be convenient for the Court.

16. The trial is a bench trial.

17. It is anticipated that it will take four (4) days to try this case.

18. **The names of counsel on this case are:**

    (a) Michael D. Flynn, Jr., representing Plaintiff, National Union

    (b) G. Patrick Civille, representing Defendant, PIICO

    (c) David P. Ledger, representing Defendant/Third-Party Plaintiff, Ambyth

(d) Joseph C. Razzano, representing Third-Party Defendant, Cassidy's

19. A settlement conference is requested.

20. The parties present the following suggestions for shortening trial: The case is in its early stages and the parties do not have any suggestions at this juncture.

SO ORDERED: April 23, 2007.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge

**RECEIVED APR - 5 2007 DISTRICT COURT OF GUAM HAGATNA, GUAM**

**APPROVED AS TO FORM AND CONTENT**

TEKER TORRES & TEKER, P.C.

By_____
JOSEPH C. RAZZANO, ESQ.
Attorneys for Third-Party Defendant
*Cassidy's Associated Insurers, Inc.*

CARLSMITH BALL

By_____
DAVID P. LEDGER, ESQ.
Attorneys for Defendant/Third-Party
Plaintiff, *Ambyth Shipping &
Trading, Inc. dba Ambyth Trucking*

MAHER YANZA FLYNN
& TIMBLIN, LLP

By_____
MICHAEL D. FLYNN, JR., ESQ.
Attorneys for Plaintiff, *National Union Fire
Insurance Company of Pittsburgh, PA*

CIVILLE & TANG, PLLC

By_____
G. PATRICK CIVILLE, ESQ.
Attorneys for Defendant, *Pacific
Indemnity Insurance Company*

/ / /

/ / /

# DECLARATION OF SERVICE

I, JOSEPH C. RAZZANO, hereby declare that on the 16th day of March, 2007, I will cause a true and correct copy of the Amended Scheduling Order, and Plan to be served on the following counsels of record:

>Michael D. Flynn, Jr.,
>Maher Yanza Flynn Timblin, LLP
>115 Hesler Place, Ground Floor
>Governor Joseph Flores Building
>Hagåtña, Guam 96910
>Attorneys for Plaintiff,
>*National Union Fire Insurance*
>   *Company of Pittsburgh, PA*
>
>G. Patrick Civille, Esq.
>Civille & Tang, PLLC
>Suite 200, 330 Hernan Cortez Avenue
>Hagåtña, Guam 96910
>Attorneys for Defendant,
>*Pacific Indemnity Insurance Company*
>
>David Ledger, Esq.
>Carlsmith Ball, LLP
>134 West Soledad Avenue
>Suite 401
>Bank of Hawaii Building
>Hagåtña, Guam 96910
>Attorneys for Defendant,
>*Ambyth Shipping & Trading, Inc.*
>   *dba Ambyth Trucking*

DATED at Hagåtña, Guam, on April 5, 2007.

JOSEPH C. RAZZANO

LJT:cs
PLDGS:CASSIDY'S INS.:AMBYTH vs.:003

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4